Delancey v. Holcomb.

## DELANCEY v. HOLCOMB.

1. **Replevin: DEMAND.** A demand in replevin is not necessary where the taking was wrongful.

2. —— It was accordingly *held*, where both parties claimed ownership of a steer, and the defendant, knowing that plaintiff denied his asserted ownership, separated the steer from plaintiff's drove, and took him away, that no demand was necessary in order for the plaintiff to maintain replevin for the animal.

3. —— TAKING BY DEFENDANT'S WIFE. Nor would the case be varied by the fact that the animal was driven off by the defendant's wife and sons, if he claimed the benefit of, and defended the act.

*Appeal from Delaware District Court.*

FRIDAY, OCTOBER 30.

DEMAND IN REPLEVIN. — Replevin for a steer. Verdict before justice of the peace, for plaintiff. On appeal, in

the District Court, there was a mistrial, and subsequently a verdict and judgment for the plaintiff.

The defendant appeals.

*J. M. Brayton* for the appellant.

*W. T. Barker* for the appellee.

DILLON, Ch. J.—In the pleadings and on the trial, each party claimed to be the absolute owner of the prop-

1. REPLEVIN: demand.

erty. Plaintiff's theory was, that the animal was the same one which he had before purchased of one Smith. Defendant denied this, and claimed it as his own. It was not the unusual case of controverted identity, and we find the not unusual concomitant of such cases in a bill of costs amounting to over $200. In such cases, the desire and policy of the law to have a *finis litium* coincide generally with the real interests of the litigants. We find the case, however, of easy disposition without giving any play to considerations of this kind.

Appellant makes but one point. He says the plaintiff should have proved a *wrongful taking* of the property by the defendant, or a demand before suit brought. Was the taking wrongful? If so, the foundation of the appeal fails. Each party, as before stated, claimed ownership. The bill of exceptions recites, "that the defendant and members of his family had been to the residence of the plaintiff several times before the final taking of the steer, and talked over the question of title and possession, and plaintiff had several times *refused* to allow defendant to take away the animal; and at the time it was taken, it was running at large upon the prairie with other cattle belonging to the plaintiff, near the residence of the plaintiff and within sight of his house, but upon the commons. It was the wife and two sons of the defend-

ant who thus took the property. It was taken without the plaintiff's consent. It was in evidence that the defendant had lost an animal, either the one in controversy or one very similar, about the time of the sale by Smith to the plaintiff. The above was all the evidence shown upon the trial to prove a wrongful taking."

Two juries have found that the animal was the plaintiff's. Defendant knew that the plaintiff claimed to be the owner, and that he denied the defendant's asserted ownership. Defendant also knew that the plaintiff had several times refused to let him take the property away from the plaintiff's house.

Under these circumstances the act of the defendant in separating the animal in question from the plaintiff's drove was a hostile act, and done at defendant's peril, if he could not show himself to be the owner.

We say the act of the defendant, for though the animal was in fact driven off by his wife and sons, yet as the defen int claimed the benefit of it, and defen fenr it, we are justified in holding it to be the defendant' n act by reason of a presumed prior command inf alike from the circumstances, and from its subseq adoption.

3. —— taking by defendant's wife.

*Stanchfield* v. *lmer* (4 G. Greene, 25), relied on by appellant's counsel, will be found reviewed in the quite recent case of *Smith* v. *McLean* (24 Iowa, 322), and has no application to this case, since here there was, as we have seen, a wrongful taking.

Affirmed.