KASTER & FARWELL v. PEASE.

1. **Execution:** CLAIM BY THIRD PERSON: WRITTEN NOTICE. An officer is bound to levy an execution upon any personal property in the possession of defendants, unless he receives written notice that such property belongs to a third person, and he is protected from all liability by reason of the levy until he receives such notice.

2. ———: ———: ———. Sections 2572, 2573, 2574 and 2575 of the Code provide merely cumulative remedies, of which the officer may avail himself at his own option.

*Appeal from Lee District Court.*

FRIDAY, MARCH 24.

THIS action is brought to recover possession of specific personal property. The usual averments are made in the petition.

The alleged cause of the detention of the property is that the defendant seized and took possession thereof under and by virtue of an execution issued by the clerk of the Circuit Court of Lee county on a judgment rendered in said court, which is alleged to be absolutely void. There was a demurrer to the petition, which was sustained, and the plaintiffs appeal.

*Van Valkenburg & Hamilton* and *D. F. Miller, Sr.*, for appellants.

Where the courts of a State and of the United States have concurrent jurisdiction over the subject matter and parties, that tribunal which first actually takes the jurisdiction will retain it. (*Hines v. Ranson*, 40 Ga., 356.) Jurisdiction is the power to hear and determine the subject matter between the parties, to exercise any judicial action over them. If the law confers the power to render a judgment or decree, then the court has jurisdiction. (*Rhode Island v. Mass.*, 12 Pet., 657; *U. S. v. Arredondo*, 6 Id., 691.) An action of replevin will lie at the instance of a party whose property has been improperly seized by an officer by virtue of an execution. (*Gimble v. Ackley*, 12 Iowa, 27.) The State District Courts are courts of superior jurisdiction, and every presumption obtains in favor of their proceedings and jurisdiction. (*McCrany v. McCrany*, 5 Iowa, 232; *Baker v. Chapline*, 12 Id., 204; *Gregg v. Thompson*, 17 Id., 107; *Shawhan v. Loffer*, 24 Id., 217.) In the interpretation of statutes, the words should be taken in the sense they are intended to convey. (Potter's Dwarris, 48.)

*Howell & Anderson*, for appellee.

When property has been seized by an officer of the court by virtue of its process, the property is to be considered as in the custody of the court and under its control for the time being, and no other court has the right to interfere with its possession. (*Freeman v. Howe*, 24 How., 480; *Buck v. Colbath*, 3 Wall., 341; *Taylor v. Carryl*, 20 How., 583; *Hagen v. Lucas*, 10 Pet., 400.) When the jurisdiction of a court and the right

of plaintiff to prosecute his suit in it has once attached, that right cannot be taken away by proceedings in another court. One cannot take property from the custody of the other by replevin or any other process. (*Peck v. Jenniss*, 7 How., 624. See, also, *Homer v. Dennis*, 3 Pet., 292; *Ex parte Dorr*, 3 How., 103; *Ex parte Robinson*, 6 McLean, 355; *The Oliver Jordon*, 2 Curt., 414; *The Robert Fulton*, 1 Paine, 620; *Keating v. Spink*, 3 Ohio (N. S.), 105; *Payne v. Drew*, 4 East., 523; *Evelyn v. Lewis*, 3 Hare, 472; *Noe v. Gibson*, 7 Paige, 713; *Pullion v. Osborn*, 17 How., 471.) This court has uniformly affirmed judgments in favor of defendants in replevin cases where a demand was held necessary and not given. (*Stanchfield v. Palmer*, 4 G. Greene, 23; *Gilchrist v. Moore*, 7 Iowa, 9.)

SEEVERS, CH. J.—I.   One ground of demurrer is that it is not averred plaintiffs notified defendant in writing of their

1. EXECUTION: claim by third person: written notice.

claim to the property named in the petition at any time before bringing the action.   This part of the demurrer is based on Sec. 3055 of the Code, which is as follows:   "An officer is bound to levy an execution on any personal property in the possession of, or that he has reason to believe belongs to, the defendant, or on which the plaintiff directs him to levy, unless he has received notice in writing from some other person, his agent or attorney, that such property belongs to him; or if after levy he receives such notice, such officer may release the property unless a bond is given as provided in the next section; but the officer shall be protected from all liability by reason of such levy until he receives such written notice."   And Sec. 3056 provides that upon receiving such notice, the officer may notify the plaintiff that an indemnifying bond is required, and Sec. 3057 provides that if such bond is not given, the officer may refuse to levy, or if he has done so, and the bond is not given in a reasonable time after it is required, the officer may restore the property to the person from whose possession it was taken and the levy shall stand discharged.

In the construction of statutes the following rules are to be

observed: "1. What was the common law before the making
of the act? 2. What what was the mischief for which the
common law did not provide? 3. What remedy has the
legislature provided to cure the disease? And 4. The true
reason of the remedy?" Sedgwick on the Construction of
Statutes and Constitutional Law, 198. Now the common law
required the sheriff at his peril to make a levy; if he did
so when he should not he was liable to one party, if he failed
to levy when he should have so done, he was liable to the
other. This rule being deemed harsh and unjust to the offi-
cer, it was changed when the Revision took effect; Sec. 3277
of which provided, that if the officer "doubted" whether
the property was subject to levy he might require an indem-
nifying bond. By Sec. 3278 of the Revision it was provi-
ded, that if the required bond was not given the officer might
refuse to levy, or if the levy had been made and the bond
was not given in reasonable time, the officer could release the
property and the levy stand discharged. And Sec. 3279
provided, that where an indemnifying bond had been taken
the claimant or purchaser of the property should look alone
to the bond of indemnity, and no action could be maintained
against the officer. Sec. 3258 of the Code is a re-enactment
of Sec. 3279 of the Revision. The change, then, substan-
stially is that under the Revision the officer could not be
compelled to make a levy in any case, without an indemnify-
ing bond, if he required it; if he had "doubts" as to the
propriety of the levy he could require such bond, and when
taken he was released from all liability. The Code, however,
takes a step back in the direction of the common law, and
requires that he shall make the levy, it matters not what his
doubts are, unless he has received notice in writing that some
person other than the execution defendant claims the prop-
erty, then and not until then can he require a bond of indem-
nity. Mere rumors, a parol notice, or the doubts of perhaps
a reluctant officer are not sufficient to justify him in refusing
to make the levy. So, too, under the Revision the officer who
had made a levy, the correctness of which he doubted, could
demand such bond, and if it was not given in a reasonable

time he could restore the property, but it did not provide that the officer should be protected from liability in such case, and he without doubt would be liable for the damages caused by the taking and detention of the property. Under the Revision the officer could protect himself in all cases by demanding a bond. Under the Code he cannot do this, for he is bound to make the levy; this much he must do, to avoid liability to the plaintiff in execution and from the claimant of the property he is protected from "all liability until he receives such written notice." The language of the Code is exceedingly plain and easy to be understood, and the change including the remedy intended is equally so. The officer being now compelled to levy, and unable to protect himself from liability, it was but just and reasonable that the law should protect him until he had an opportunity to protect himself. The first change demanded the second, unless a complete change in the policy inaugurated in the Revision was intended.

The remedy given the officer is entirely consistent with the increased liability. It will not do to say that the liability incurred in this action is not covered by the Code. How or why shall the terms "all liability" be so restricted. For certainly the defendant is liable to have a judgment for costs rendered against him, and this is certain to follow unless he incurs a further liability by employing attorneys to defend the action.

It is said the statute is unjust and against natural rights, if the construction given to it should prevail. To this position several answers may be given. A written notice from the plaintiffs was all that was required. This they could give or not, and, this being so, it would seem that an officer who was bound at his peril to act should be protected until the notice was given. Besides the statute is not any more against natural rights than the rule, once recognized to be good law, that if a demand was necessary to the plaintiff's recovery and was not made, the same consequences resulted under such rule as the one now established.

But it is claimed that sections 2572, 2573, 2574 and 2775

of the Code have much to do with the correct determination

2. ———: ——: of this question. At the very most these sec-——. tions are mere cumulative remedies. The officer may relieve himself from liability in the way pointed out in those sections, but he is not compelled to do so.

II. The execution was regular on its face, and there was a judgment upon which it could be based. The most that can be said is that the judgment was not in the usual, or perhaps proper form. But we apprehend it was sufficient when attacked collaterally—but whether this be so or not, the execution and the judgment was clearly sufficient to justify the officer in making the levy.

AFFIRMED.