Peterson v. Espeset.

PETERSON v. ESPESET.

1. **Replevin: EXECUTION: NOTICE.** An action to recover possession of specific personal property cannot be maintained against a sheriff who holds it by virtue of an execution, unless the plaintiff, prior to the commencement of the action, gives written notice of his ownership of the property.

2. ———: ———: ———. The fact that plaintiff's title and right of possession appeared of record would not relieve him from the necessity of giving notice.

*Appeal from Emmet Circuit Court.*

FRIDAY, APRIL 19.

REPLEVIN for cattle and horses described in the petition. Defendant demurred to the petition; the demurrer was overruled, and defendant standing thereon, judgment was rendered for plaintiff. Defendant appeals. The facts of the case appear in the opinion.

*E. B. Soper,* for appellant.

No appearance for appellee.

BECK, J.—I. The petition alleges that plaintiff is the owner of the property described, and entitled to the possession thereof. He shows that he acquired title to the property under a sale upon a mortgage, which, before foreclosure, was assigned to him. He further alleges that defendant holds possession of the property as sheriff, hav-

ing levied an execution thereon, which was issued upon a judgment against the mortgagor.

The demurrer was based upon the ground that the petition does not show that plaintiff notified defendant, in writing, of his claim to the property, before bringing suit, as is required by Code, § 3055.

The demurrer was erroneously overruled. The precise point is ruled in *Kaster & Farwell v. Pease*, 42 Iowa, 488, and that case is followed in *Finch v. Hollinger*, 43 Iowa, 598. It is unnecessary to say anything here in support of these decisions.

II. This case is not distinguishable from the first just cited, on the ground that plaintiff's title and right of possession of the property appears of record by reason of the mortgage under which he claims title. It surely cannot be claimed that a title of personal property based upon a record will give the owner greater rights than he would hold if the title rested in parol. The statute under which the foregoing decisions were made requires the officer to levy upon property pointed out by the plaintiff, and protects him in such levy, unless written notice be given him of the right of the claimant. Now, it cannot be claimed that the plaintiff cannot direct a levy upon property the recorded title of which is held by another.

But this question is really not in this case, for the petition does not show that the mortgage or mortgage sale was of record.

The petition does not show that plaintiff was in possession of the property when levied upon, or that it was not in the possession of the execution defendants. We must presume that the levy was lawfully made, as required by Code, § 3055; that the property was in the possession of the execution defendants, or that the sheriff had reason to believe that they owned it, or that the plaintiffs in execution directed the levy. In any one of these cases the levy is lawful, and the sheriff is

protected from an action until the written notice is given him. We are to presume that officers act rightly: we must in this case give the benefit of such presumption to the petition of plaintiff.

No other question arises in the case.

REVERSED.