## GRAY v. PARKER ET AL.

1. **Execution: NOTICE TO OFFICER.** The reading to an officer about to levy on personal property of a bill of sale thereon does not constitute the *giving to the officer of a written notice* which, under section 3055 of the Code, would relieve him from the necessity of making the levy.

*Appeal from Polk Circuit Court.*

THURSDAY, DECEMBER 5.

ACTION to recover specific personal property.  There was a trial by jury, verdict for plaintiff, and defendants appeal.

*McHenry & Bowen,* for appellants.

*Maxwell, Lee & Witter,* for appellee.

Seevers, J.—The defendant Parker is a constable, and as such levied on the property in controversy by virtue of a cer-

1. EXECUTION: notice to officer.

tain execution, and took the same into his possession. The plaintiff claims to have purchased the property of one of the execution defendants. At the time of such purchase a bill of sale was executed to him. It is as follows:

"Des Moines, Iowa, Feb. 13, 1877.

"In consideration of four hundred and fifty dollars in hand paid, by George F. Gray, I have this day sold to the said George F. Gray one landau, one band wagon, one set of traverse runners, one hack bought of A. C. Holmes, subject to a judgment in favor of Wilson & McDill for the sum of forty-eight dollars and costs, one white horse, and one set of silver-mounted harness.

"M. F. G. Pittman."

At the time of the levy, just before or immediately thereafter, the defendant Parker was notified that plaintiff claimed the property, and the foregoing bill of sale was read to him. This constitutes the only notice served on the officer making the levy that the plaintiff owned or claimed the property. At the conclusion of the plaintiff's testimony the defendants moved the court to direct the jury to find for the defendants because the notice required by law had not been given the officer. This was overruled. The defendants asked the court to instruct the jury to find for them because such notice had not been given. This was refused.

The Code, § 3055, provides that the officer making a levy on personal property shall be protected from all liability by reason of the levy until he has "received" a written notice that the property is claimed by another than the defendant in execution; and it further provides that he is bound to levy on property in possession of the defendant, or that he has reason to believe belongs to such defendant, or on which the plaintiff in execution directs him to levy.

This statute was construed in *Kaster & Farwell v. Pease,* 42 Iowa, 488, and the rule established in that case has been several times followed in other cases.

The object of the statute is the protection of the officer. This is apparent from the fact that he is required to levy unless he has received a written notice. That is, such a notice must be given, not read to him. If he does not receive such a notice, and fails to levy under the circumstances mentioned in the statute, he is responsible to the plaintiff in execution. If he receives the notice then he may demand an indemnifying bond. If none is given he may release the property. The notice constitutes and is the test of the officer's liability to any one claiming the property. A written notice can be kept by the officer, and it gives him the protection contemplated by the statute. He could not file and preserve a parol notice or a written one, unless he has "received" one of that character.

Conceding the bill of sale was a sufficient notice in writing, it was not delivered to him. He did not receive it, and, therefore, could not file and preserve it. Nor could he go to the plaintiff in execution, exhibit the notice, and demand an indemnifying bond.

For the reasons stated the court below erred in refusing to direct the jury to find for the defendants.

                                                 REVERSED.