GRAY v. PARKER ET AL.

| 53 | 505 |
| 119 | 439 |
| 53 | 505 |
| 123 | 117 |

1. Execution: LEVY: NOTICE TO OFFICER. A bill of sale to the claimant of property, delivered by him to an officer who is proceeding to levy thereon under an execution against another, does not constitute the notice of his claim provided for in section 3055 of the Code.

*Appeal from Polk Circuit Court.*

SATURDAY, APRIL 24.

THIS action was brought in the Circuit Court to recover against the defendant Parker, as constable, for damages al-

leged to have been sustained by the plaintiff by reason of a sale upon execution in favor of one Wilson & McDill and against C. J. and M. F. G. Pitman, of a certain band-wagon alleged to have been the property of plaintiff. Previous to the bringing of this action an action in replevin was brought by plaintiff against the defendant Parker before a justice of the peace to recover possession of the wagon. The possession of the wagon was not obtained, but judgment for possession was rendered in the plaintiff's favor, and an appeal was taken and the action was pending in the Circuit Court at the same time at which the action first above mentioned was pending. While these two actions were thus pending they were consolidated. To an amended petition filed by plaintiff the defendants demurred. The court sustained the demurrer and rendered judgment for the defendants. The plaintiff appeals.

*Maxwell & Witter*, for appellant.

*Bowen & Leavens*, for appellee.

ADAMS, CH. J.—The plaintiff averred in his amended petition that at the time the defendant Parker was about to levy upon the wagon, and before the levy was made, he served upon him a written notice of his ownership. The plaintiff then set out in his amended petition a copy of the notice, which purports to be simply a bill of sale to plaintiff from M. F. G. Pitman of the wagon. The defendants demurred upon the ground that the writing relied upon as notice was not such as the law requires.

1. EXECU-TION: levy: notice to offi-cer.

The plaintiff says in his argument that the amended petition containing the averment of notice was filed in the action of replevin. He contends that the petition in the other action was sufficient without averment of any notice, and that the court accordingly erred in sustaining the demurrer.

The cases must have been consolidated upon the theory that if the plaintiff was not entitled to recover in the action

Gray v. Parker.

of replevin he was not entitled to recover in the other. In our opinion, therefore, the question as to the sufficiency of the notice is material.

The notice of ownership is prescribed by section 3055 of the Code. To be sufficient it must be a notice in writing, from the claimant to the officer, to the effect that the property in question belongs to the claimant. The question presented is as to whether a bill of sale to the claimant can be deemed a notice in writing from the claimant, within the meaning of the statute, where it is delivered to the officer by the claimant with the intention upon his part of giving notice of his ownership. In our opinion it cannot.

It is entirely immaterial as to whether the officer has knowledge of the ownership of the property or not. The object of the written notice as provided by statute is not, therefore, to prove title in the claimant. The giving of written notice by the claimant is a preliminary step taken under the statute to enable the claimant to maintain an action against the officer. The written notice when given becomes in the hands of the officer his justification in demanding a bond for indemnity, and, in case the bond is not given, his justification in refusing to levy, or in releasing the levy if he has already made one. The paper designed to constitute such notice should run to the officer and be unequivocal in its character. It should purport upon its face to be precisely what it is intended for, so that when put in evidence with proof of service it should itself be evidence of the claimant's intention to bring himself within the statute.

We think that the demurrer was rightly sustained.

AFFIRMED.