ALLEN v. WHEELER ET AL.

1. **Execution:** NOTICE OF CLAIM TO PROPERTY: ATTACHMENT. The fact that property upon which an execution is levied was in the posses-. sion of the officer under a writ of attachment at the time the levy was made will not relieve a third person, who claims to own the property, of the necessity of serving upon the officer the notice required by section 3055 of the Code.

2. **Practice:** VERDICT: POWER OF COURT. A court has the power to set aside a verdict on its own motion for being in conflict with the evidence and instructions.

3. ——: ——: PREJUDICE. Where under the evidence the court might properly, as a matter of law, have rendered judgment in favor of the defendant, it was held not to be prejudicial error to direct a verdict in his favor after the jury had returned one verdict and had separated.

*Appeal from Clinton Circuit Court.*

THURSDAY, OCTOBER 21.

THE defendant George L. Wheeler, as constable, levied certain writs of attachment upon a span of mules, and a wagon and harness, at the suit of the defendants Hey and Butterfield against one Walters. The said property was held by said Wheeler upon said writs until June 1, 1878, at which time the attachment suits were tried and judgments were rendered for the plaintiffs and against said Walters. Executions were issued upon said judgments and placed in the hands of said Wheeler, who levied the same upon said property, and under said executions sold the same to satisfy said judgments.

After the sale of the property the plaintiff herein brought this action, claiming that he was the absolute owner thereof at the time of the levy of the writs of attachment, and claiming damages jointly of the said Wheeler and the attaching creditors for the alleged wrongful seizure and conversion of the property. Issue was taken upon the allegations of the petition. Among other allegations of the answer of Wheeler it was averred that the plaintiff at no time before the com-

mencement of this suit gave any notice in writing to said defendant that he had any interest in the property.

There was a trial by jury. A verdict was returned for the plaintiff. The court on its own motion set aside the verdict, and directed the jury to find a verdict for the defendant, which was done. A motion to set aside the last verdict was overruled, and judgment was entered for the defendants for costs. Plaintiff appeals.

*Kirke W. Wheeler*, for appellant.

*Merrell & Howat* and *Cotton & Wolfe*, for appellees.

ROTHROCK, J.—I. The court, at the request of the defendants, instructed the jury as follows: "You are instructed that unless it is shown by the evidence that plaintiff Allen, by himself, his agent or attorney, before this suit was commenced, served or caused to be served upon the defendant Wheeler, as constable, notice in writing that the said Allen owned said property, the plaintiff cannot recover, and your verdict should be for the defendants." There was no evidence tending to show that any written notice whatever had been served, but on the contrary the evidence affirmatively showed that no such notice was served. The court, it is said, set aside the verdict because it was plainly against and contrary to the foregoing instruction, and also to another instruction upon the same point. Appellant excepted to these instructions when given, and, as he appeals and insists that the instructions were erroneous, it is necessary that we should determine their correctness.

Section 3055 of the Code provides that an officer who levies an execution on personal property shall be protected from all liability to third persons unless written notice be given to him of the claim of such third person to the property. We have several times held that under the provisions of this statute an action cannot be maintained against an officer holding property under an execution, without the

*[margin note: 1. EXECUTION: notice of claim to property: attachment.]*

required written notice having been given, and that it is necessary to allege the giving of such notice in the petition. *Kaster v. Pease*, 42 Iowa, 488; *Finch v. Hollinger*, 43 Id., 598; *Peterson v. Espeset*, 48 Id., 262; *Gray v. Parker*, 49 Id., 624.

In *Wadsworth v. Walliker*, 45 Iowa, 395, it was held that section 3055 related exclusively to the levy of an execution, and has no application to a levy by attachment. Counsel for appellant insists that, as the property in controversy was originally seized and levied upon by virtue of writs of attachment, the statute has no application. But this action is not brought for the mere seizure of the property, and its detention for the few days intervening between the service of the writ of attachment and the issuance and levy of the executions upon the judgments. The plaintiff seeks to recover the value of the property, and damages for its alleged malicious seizure and wrongful conversion. The writs of attachment had served their purpose, and when the constable received the executions he held the property by virtue thereof, and upon them he sold it and appropriated the proceeds to the payment of the judgments. We think he held the property under the levy of the executions within the meaning of said section 3055 of the Code. We are the more inclined to so hold in this case because of the peculiar form of the judgment entries and executions. The judgment entries do not contain any order for the sale of the attached property, and although the executions are said to be special they describe no property, and the returns thereon recite actual levies upon the property without reference to it having been before seized by attachment, and it is, therefore, doubtful whether the attachments were not abandoned.

II. Having found that the instruction above set out was correct, and the first verdict having been in plain violation thereof, it was the duty of the court to set the verdict aside. The appellant insists the court could not do this on its own motion, because section 2837 of

2. PRACTICE: verdict: power of court.

the Code provides that a verdict may be vacated "on the application of the party aggrieved." This does not provide that the court may not upon its own motion, and for error which is apparent, set aside a verdict. Such power exists at common law, and we do not understand that any provision of our statute is a limitation of the power of the court on its own motion to compel juries to observe and follow the law as embodied in the instructions given by the court.

III. We are next required to determine whether the court after setting aside the first verdict erred in instructing the jury to find a verdict for the defendants. It appears from the record before us that after the jury retired to consider their verdict the parties consented that the verdict might be sealed up, and the jury might afterward "separate and return their verdict into court," which was accordingly done. As soon as the verdict was returned the court set it aside, and the jury being present were instructed to find a verdict for the defendants.

*3. —— : ——: error without prejudice.*

It is urged that, as the jury had been allowed to separate after finding a verdict, it was error after setting the verdict aside to instruct them to find for the defendants. In general, the proposition contended for is correct. But in this case, in the absence of proof of the service of the notice, and in view of the fact that the evidence showed that no notice was served, and the plaintiff made no claim that such service was made, there was no evidence tending in the remotest degree to support a verdict against the defendants. The court might have properly directed the jury in the first instance to find a verdict for the defendants, or it might have taken the case from the jury and rendered a judgment for the defendants. This is the common practice where there is no evidence tending to prove the cause of action. In *Wyllis v. Haun*, 47 Iowa, 614, the court set aside a verdict of a jury, and upon the facts introduced in evidence upon the trial rendered a judgment against the plaintiff for costs. The case was affirmed in this court, upon the ground that, upon the undis-

puted facts, the plaintiff as a question of law could not recover. If, as we hold, the court might have properly taken this case from the jury and rendered a judgment for the defendants, the plaintiff is in no way prejudiced by the fact that the jury was directed to find the lost verdict. We think the judgment of the Circuit Court must be

AFFIRMED.