## MORLAN v. RUSSELL & Co.

1. **Procedure**: WHEN JURY DISREGARDS INSTRUCTIONS.  Where the court instructed the jury that, under the evidence, they could not find more than nominal damages for the plaintiff, but they found substantial damages for him; it would have been competent for the court, on its own motion, to set aside the verdict and award a new trial; (*Allen v. Wheeler*, 54 Iowa, 628;) or it might have reduced the amount of the verdict to a nominal sum, and rendered judgment accordingly.  But it was error to enter an order that the verdict should be reduced to a nominal sum and judgment rendered therefor, *unless* the plaintiff should elect to take a new trial, and to then grant a new trial upon his election.

*Appeal from Carroll District Court.*

THURSDAY, MARCH 10.

DEFENDANT appealed from an order of the district court setting aside the verdict of the jury, and awarding plaintiff a new trial.

*Wright, Baldwin & Haldane*, for appellant.

*M. W. Beach* and *E. M. Betzer*, for appellee.

REED, J.—The action was brought for the recovery of damages for an alleged breach of the warranty made by defendant in the sale of a threshing-machine to plaintiff. The district court instructed the jury that, upon the evidence before them, they could not award the plaintiff more than nominal damages.  The jury, however, returned a verdict for plaintiff for substantial damages.  The district court, thereupon, on its own motion, made the following order, viz: "It is ordered and adjudged that the verdict of the jury herein be reduced to the sum of one dollar, to conform to the instructions of the court herein, and that judgment be rendered on the verdict for one dollar and costs, unless plaintiff elect to take a new trial, in which event a new trial will be ordered, at the costs of plaintiff."  Plaintiff did elect to

Morlan v. Russell & Co.

take a new trial on the terms imposed, and an order was accordingly entered setting the verdict aside, and granting a new trial.

As the jury disregarded the instruction of the court as to the amount of damages that could be awarded plaintiff under the evidence, it would have been competent for the court, on its own motion, perhaps, to set aside the verdict entirely, and award a new trial. The power of the court to do this was affirmed by this court in *Allen v. Wheeler*, 54 Iowa, 628. In the exercise of the same power, the court, after it received the verdict as returned by the jury, and before discharging them, might have directed them to reduce the amount of the verdict to a nominal sum; or it might do just what it did do,—reduce the amount of the award by its own order. Now, the question in the case is whether the court had the power, on its own motion, after having amended or reformed the verdict on its own motion, to set it aside, and grant a new trial, on the ground merely that the jury had disregarded the instruction. Clearly, we think, not. The verdict, as modified, stood as the verdict of the jury. It was then entirely consistent with the instructions of the court, which we must assume were correct. The cause was in the same position after the modification of the verdict was made as it would have occupied if the jury had obeyed the instructions, and returned a verdict in that form. There was no conflict between it and the instructions, and it was the verdict that plaintiff had shown himself entitled to, and neither he nor defendant was making any complaint with reference to it. Clearly, there was no ground for disturbing it.

The judgment of the district court will be reversed, and the cause remanded, with directions to enter a judgment for plaintiff on the verdict as modified by the court.

REVERSED.