### DANFORTH v. HARLOW.

**Execution:** LEVY ON MORTGAGED CHATTELS: NOTICE OF CLAIM BY MORTGAGEE. Chapter 117, Laws of 1886, giving to junior creditors the right to levy on mortgaged chattels, upon tender or payment of the mortgage debt, does not permit the mortgagee to replevy the chattels from the officer making the levy, without giving the notice of his claim required by section 3055 of the Code, even though the execution creditor has not offered to pay the mortgage debt. ( See *Hibbard v. Zenor*, 75 Iowa, 471.)

*Appeal from Monona District Court.*—HON. C. H. LEWIS, Judge.

FILED, DECEMBER 20, 1888.

THIS is an action of replevin for twenty hogs. The plaintiff claims the property by virtue of two chattel mortgages upon the same. The defendant is a constable, and seized the hogs upon execution on a judgment against one Glenn. There was a demurrer to the petition, which was overruled, and defendant appeals.

*McMillan & Kindall,* for appellant.

No appearance for appellee.

ROTHROCK, J.—The ground of the demurrer is that it is not averred in the petition that the plaintiff gave the defendant notice in writing of his claim of ownership of the property before the commencement of the action. Section 3055 of the Code requires that such notice must be given to the officer who holds property by a levy of an execution or attachment, and we have held that the notice must be given, even though the plaintiff claims the property by virtue of a chattel mortgage. *Peterson v. Espeset,* 48 Iowa, 262 ; *Gray v. Parker,* 53 Iowa, 505. It appears from the argument of appellant that it was claimed in the court below that, since the enactment of chapter 117 of the Acts of 1886, no such notice is required. That statute provides that mortgaged property may be taken on execution issued at the suit of a creditor of the mortgagor, but that it cannot be taken without tendering to the holder of the mortgage the amount of the mortgage and interest accrued, or depositing the amount with the clerk of the district court. We are not able to discover any repugnance between this late enactment and that requiring notice to be given to the officer before seizing the property under a writ of replevin. It is true, it is averred in this case that no tender or deposit of the amount due on the mortgages was made before the levy of the execution. But the officer or the plaintiff in execution may have been of opinion that the mortgage was void for some reason. The evident purpose and design of the statute was to give junior creditors a right to subject the property after payment of the mortgage. It does not dispense with the notice required by section 3055 of the Code. See *Hibbard v. Zenor,* 75 Iowa, 471. We think the demurrer should have been overruled.

REVERSED.