Doolittle v. Hall.

DOOLITTLE v. HALL.

<table>
<tr><td>78</td><td>571</td></tr>
<tr><td>h114</td><td>660</td></tr>
</table>

1.   **Execution:** LEVY: REPLEVIN BY THIRD PERSON: NOTICE OF OWNERSHIP.   An action against a sheriff to recover property seized on execution cannot be maintained unless the notice of ownership provided by section 3055 of the Code has been given.   (See cases cited in opinion.)

2. ———: ———: NOTICE OF OWNERSHIP BY THIRD PERSON: SUFFI-
CIENCY. Where the sheriff levied on certain horses found on the
land of the execution defendant, and occupied by him, but which
was leased by plaintiff, a notice previously given by plaintiff, not
to levy on any personal property "situated on or running at pas-
ture upon" the leased land (describing it), "the same being my
own individual property, or that which I have leased, and which I
am in full possession of," was not sufficient, under section 3055 of
the Code, to enable him to maintain an action to recover the prop-
erty, because it did not so clearly identify plaintiff's property, as
distinguished from that which he had leased, as to guide the sheriff
in making the levy. The property of the execution defendant,
though leased to plaintiff, may have been subject to the levy.

*Appeal from Howard District Court* —HON. CHARLES
T. GRANGER, Judge.

FILED, OCTOBER 21, 1889.

ACTION of replevin. The case was tried without a
jury, and a judgment for defendant rendered upon facts
found by the court. Plaintiff appeals.

*W. K. Barker*, for appellant.

*H. T. Reed*, for appellee.

BECK, J.—I. The defendant, the sheriff of the
county, levied an execution issued upon a judgment
against M. B. Doolittle upon the property in contro-
versy. The plaintiff, claiming the ownership, brought
this action against the sheriff to recover the property.
The district court made the following findings of fact
and of law, and thereon rendered judgment against
plaintiff: "(1) That the defendant is sheriff of
Howard county, Iowa, and, as such, on August 25,
1888, held an execution issued from the district court of
Howard county, Iowa, in a cause wherein M. B. and
Jane F. Doolittle were defendants, to recover the sum of
$128.35. (2) That on said day, by virtue of said execu-
tion, he levied upon and took into his possession one
mare and two colts, the property in question; that the
mare and colts were, at the time of such levy, the prop-
erty of the plaintiff, J. C. Doolittle, but running on

the farm of M. B. Doolittle, which was leased by the plaintiff, though not living thereon, but that said M. B. Doolittle was living on said premises. (3) That, prior to said levy, the plaintiff served on defendant written notice, in evidence, marked 'Exhibit A.' (4) That thereafter the plaintiff took said property from the defendant by virtue of a writ of replevin in said suit, and still holds the same. (5) That the interest of the defendant in said property is a qualified one, by virtue of said execution, and is of the value of $128.35. I find, as a conclusion of law, that the notice served on the defendant is not sufficient, under section 3055 of the Code, and that the plaintiff is not entitled to recover, and judgment is ordered for the defendant for the possession of the property, which is valued at one hundred and eighty-five dollars." The notice referred to in third finding of fact is in this language :

" To J. A. Hall, Sheriff Howard County, Iowa.

" Sir :—You are hereby notified not to make any · levy on, or molest, or remove any personal property situated on, or running at pasture upon, southwest quarter of the southwest quarter, section 29, township 99, range 11, and the southeast quarter of section 30, township 99, range 11, the same being my own individual property, or that which I have leased, and which I am in full possession of. Dated, August 25, 1885.

"J. E. Doolittle."

II. Code, section 3055, is in the following language : "An officer is bound to levy an execution on any personal property in the possession of, or that he has reason to believe belongs to, the defendant, or on which the plaintiff directs him to levy, unless he has received notice in writing from some other person, his agent or attorney, that such property belongs to him, or if, after levy, he receives such notice, such officer may release the property, unless a bond is given as provided in the next section; but the officer shall be protected from all liability by reason of such levy until he receives such

*1. Execution: levy: replevin by third person: notice of ownership.*

written notice." This court has held that an action against a sheriff to recover property seized upon execution cannot be maintained, unless the notice provided for in this section has been given. *Kaster v. Pease*, 42 Iowa, 488; *Finch v. Hollinger*, 43 Iowa, 598; *Peterson v. Espeset*, 48 Iowa, 262.

III. In our opinion, the district court correctly held that the notice served upon defendant is insufficient. It does not comply with the statute in these particulars: (1) It does not describe the property which plaintiff therein claims is his property, and therefore is not liable to seizure upon execution. It covers all personal property found upon two separate tracts of land,—a forty-acre tract, and another of one hundred and sixty acres, in different sections, which are not adjacent to each other. (2) It covers property, not owned by plaintiff, of which he has possession under a lease. It is plain that the statute requires the property to be described so that the officer would be able to indentify it, to the end that he might be guided in making his levy. Surely it cannot be claimed that the notice applying to all property upon certain tracts of land is good when it does not allege ownership in plaintiff of all such property. The property which plaintiff had leased, and which was in his possession, if owned by defendant in execution, may have been subject to levy as the property of defendant in execution. The statute does not require the sheriff to refrain from levying upon such property upon the notice given that plaintiff is in possession of it under a lease. It is unnecessary to consider other questions in the case, as the judgment must be affirmed without regard to other findings of the court below.          AFFIRMED.

2. ——: ——: notice of ownership by third person: sufficiency.