ADAM MURRAY, Appellant, v. P. H. THIESSEN, Sheriff.

**Levy:** NOTICE OF CLAIM TO SHERIFF: *Waiver—Pleading.* In an action against a sheriff to recover possession of ·chattels seized, on execution against a third person, where the petition alleged that notice of ownership had been given, and the defendant objected to the sufficiency of the notice, evidence that defendant took an execution bond from the execution plaintiff is inadmissible to show waiver of notice, as under Code; section 3559, prescribing what a petition shall contain, waiver must be specially pleaded.

SUFFICIENCY OF NOTICE. ' A notice to a sheriff that a person was the sole and absolute owner of the 33 head of steers and cows levied·

on by the sheriff under an execution against a third person on a certain date is sufficient in .its description of the property, since Code, section 3991, providing for such notice, does not require that the property be specifically described.

*Same.* Under Code, section 3991, requiring that a notice of ownership of property levied on under execution by a sheriff shall state how and from whom claimant acquired such property, and the consideration paid therefor, a notice stating that the cattle levied on were purchased in a certain state from different parties, whose names could not be given, but who resided in a certain vicinity, and that $1,500 was paid for the 33 head of cattle, is sufficient.

ADMISSION OF SERVICE OF NOTICE: *Sufficiency.* In an action to recover chattels from a sheriff, levied on by the latter under an execution against a third person, defendant's receipting service on the back of the notice and retaining a copy was sufficient receipt of service to render the notice admissible in evidence.

*Appeal from Benton District Court.*—HON. G. W. BURNHAM, Judge.

TUESDAY, OCTOBER 15, 1901.

ACTION against defendant as sheriff, to recover possession of certain cattle alleged to belong to plaintiff, but seized by defendant under writ of execution against one William Murray. Defendant claims that notice of plaintiff's ownership was not given him as required by law. The notice offered in evidence by plaintiff having been excluded on defendant's objection, the court, on motion, directed the jury to return a verdict for defendant. Plaintiff appeals.—*Reversed.*

*C. W. E. Snyder* and *Gilchrist, Whipple & Montgomery* for appellant.

*J. J. Mosnat* and *Tom H. Milner* for appellee.

McCLAIN, J.—Appellant offered in the lower court to show that defendant actually took an indemnifying bond

from the execution plaintiff, and insists now that he should have been allowed to prove the taking of such bond, and that such bond would have rendered the notice of ownership, whether sufficient or not, immaterial, and relies on *Whitney v. Gammon,* 103 Iowa, 363; *Waterhouse v. Black,* 87 Iowa, 317. The difficulty is that the indemnifying bond was not admissible under the issues. In the petition it was alleged that notice of ownership had been given. When plaintiff sought to prove this allegation by the introduction of the notice, he was met with objections to the sufficiency of the notice, which the court sustained. The offer in evidence of the bond was not material or relevant in proving the giving of sufficient notice. If plaintiff had alleged waiver of notice by the act of taking a bond, proof of the bond might have been material. But it is well settled that a waiver must be pleaded. Code, section 3559, and notes on page 1335, col. 2. It is necessary, therefore, to pass upon the question whether the court erred in sustaining the objection to the notice when offered in evidence. The material part of it was as follows: "You are hereby notified that I am the sole and absolute owner of the certain thirty-three head of steers and cows levied on by you under and by virtue of an alleged execution from the Benton county, Ia., district court, in favor of H. B. Hidy and against Wm. Murray, taken as the property of one William Murray, notice of which said levy you served on the said Wm. Murray on the 25th day of October, 1899, at Belle Plaine, Iowa, and that the said Wm. Murray has no interest whatever in said cattle, and never has had; that I purchased the said cattle in South Dakota from different parties, whose names I am not now able to give, but who reside between Pierre and Blunt, South Dakota; that I paid for said cattle levied on by you the sum of fifteen hundred dollars. I hereby demand of you the immediate release and return of the said cattle to my possession at the place where you found same." The objections to the notice in this form were that it did

not describe the property, did not show from whom plaintiff acquired the property, and showed that the animals referred to were purchased from different parties, without stating the consideration paid to each party. Other objections to the form were argued, but these only appear on the record. It was further objected, however, that it was not shown that the defendant received the notice, and that the acceptance of service on the back thereof showed that the defendant received only a copy. As to the description of the property, the notice clearly identifies the property referred to as all the animals seized by defendant under execution on a certain date as the property of William Murray, and describes the execution and the number of animals thus levied on. This, it seems to us, was sufficient. Code, section 3991, does not require that the property be specifically described. If the claim of ownership is to only a portion of the property seized, it would, no doubt, be necessary to describe that portion; but, where the claim is to all the property, we think such description as is contained in this notice is enough. The statutory requirement that the notice shall state how and from whom claimant acquired such property, and the consideration paid therefor, must have a reasonable interpretation. Certainly there might be cases where only a general statement as to these matters could be given, and the statute should not be construed as to make it impossible for one who is really the owner of property wrongfully levied on under execution against another to assert his ownership. We think the notice in these respects was all that was essential under the circumstances. There is nothing said in the cases of *Doolittle v. Hall,* 78 Iowa, 571, and *Bradley v. Miller,* 100 Iowa, 169, inconsistent with our conclusion in this case. Nor do we think there is any merit in the contention that defendant did not receive the notice. It was handed to him, and he receipted service on the back thereof and retained a copy. Certainly this was sufficient, under the

statute, to require him to take an indemnifying bond. *Peterman v. Jones*, 94 Iowa, 591; *Turner v. Younker*, 76 Iowa, 258. The court erred, therefore, in sustaining the objection to the introduction of this notice; and if the notice had been admitted in evidence, as it should have been, the direction of a verdict for defendant would not have been proper.— REVERSED.