Isabella Frazier, Appellant, v. John M. Hill, Sheriff.

Replevin: claim of ownership: service of notice. To fix the lia-
bility of a sheriff for property levied upon under an execution
by service of notice of ownership, the notice itself must be de-
livered to him, the reading thereof and delivery of a copy being
insufficient under Code, section 3991.

*Appeal from Cherokee District Court.*—Hon. Wm. Hutch-
inson, Judge.

Tuesday, February 16, 1904.

Action in replevin. Verdict directed for defendant,
and from judgment entered thereon the plaintiff appeals.—
*Affirmed.*

*J. D. F. & Claud M. Smith* for appellant.

*Thos. McCulla* for appellee.

Ladd, J.—Crary Bros. recovered judgment against John
Goodwin and wife in Boone county for $48.49, and $8.05
costs. Execution was issued thereon to the sheriff of Chero-
kee county, and by him levied on four colts. The plaintiff,
claiming to have purchased these prior to the levy, prepared
a notice to that effect, but, instead of delivering it to the de-
puty sheriff making the levy, served it "by reading the same
to him and delivering to him a copy of the same." As the
property was not surrendered, this action in replevin was
begun. When plaintiff had introduced her evidence, the
court directed a verdict fixing the value of the colts at $175.

Section 3991 of the Code protects the officer from all lia-
bility "unless he has received notice in writing under oath
from some other person, his agent or attorney that such prop-
erty belongs to him; stating the nature of his interests
therein, how and from whom he acquired the same and
consideration paid therefor." The manner of receiving this

notice is immaterial. *Turner v. Younker,* 76 Iowa, 258; *Peterman v. Jones,* 94 Iowa, 591; *Murray v. Thiessen,* 114 Iowa, 657. It is enough if the officer making the levy actually receives it. But we have held it not sufficient to merely read the notice to him, as it is for his use in demanding an indemnifying bond from the plaintiff and for preservation as proof. *Gray v. Parker,* 49 Iowa, 624; *Gray v. Parker,* 53 Iowa, 505. In the last opinion the court said: "The written notice, when given, becomes in the hands of the officer his justification in demanding bond for indemnity, and, in case the bond is not given, his justification in refusing to levy, or in releasing the levy if he has already made one." To be of efficacy for these purposes, the notice under oath, and not the copy, is necessary, and for this reason the receipt by the officer of the notice itself is exacted as a condition precedent to his liability.

II. The defect in the service was not waived, for the return of service was not made part of the petition, as in *Linden v. Green,* 81 Iowa, 365, and, besides, the statute has been changed since that decision, as appears from *Pierson v. Ind. Dist. of Hawarden,* 106 Iowa, 695.

III. Judgment was entered for the return of the property or its value. In a motion to vacate and modify this judgment plaintiff insisted that it should have been in abatement. But no plea in abatement was interposed, and the judgment was in accordance with section 4176 of the Code, save that the value of defendant's right was not stated. No exception, however, is taken to this omission.

Another ground of the motion was that a delivery bond had been received by defendant, and that this fact had been concealed. But the sheriff was under no obligation to advise the plaintiff that such a bond had been tendered. Moreover, the acceptance of an indemnifying bond was not an issue in the case, as waiver of notice was not pleaded. *Murray v. Thiessen,* 114 Iowa, 657.—AFFIRMED.