CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY,
Appellant, v. W. R. PIERCE.

**Executions:** NOTICE OF OWNERSHIP: REPLEVIN. Code, section 3991, relating to notice of ownership of property levied upon has application solely to third parties claiming to own the property, and they cannot maintain replevin against the officer without first having given the statutory notice.

*Appeal from Monroe District Court.*— HON. F. W. EICHEL-BERGER, Judge:

THURSDAY, JUNE 4, 1908.

A replevin action. The opinion states the case.— *Affirmed.*

*Perry & Perry,* for appellant.

*J. F. Abegglen,* for appellee.

SHERWIN, J.— The petition alleged in substance that the defendant Pierce, as constable, held an execution against the Chicago, Burlington & Quincy Railway Company, an entirely different corporation from the plaintiff, and that the defendant Spencer, in whose favor the judgment was rendered on which the execution was issued, directed him to levy upon certain property belonging to and in possession of the plaintiff; that the defendant Pierce obeyed the order, and levied upon and took the property so pointed out to him. Pierce demurred to the petition on the ground that it did not appear therefrom that an affidavit and notice of ownership was served on him before the commencement of the action.

The demurrer was sustained, and the plaintiff appealed from a judgment thereon.

The sole question for determination is whether the officer was entitled to the notice provided for in section 3991 of the Code. If he was, the demurrer was rightly sustained, because replevin will not lie against an officer who has received no such notice of ownership. *Finch v. Hollinger,* 43 Iowa, 598; *Peterson v. Espeset,* 48 Iowa, 262. And in such action it is necessary to allege the giving of the statutory notice. *Allen v. Wheeler,* 54 Iowa, 628. Section 3991 provides as follows: "An officer is bound to levy an execution on any personal property in the possession of, or that he has reason to believe belongs to the defendant, or on which the plaintiff directs him to levy, unless he has received notice in writing under oath from some other person, his agent or attorney, that such property belongs to him, . . . or, if after the levy he receives such notice, such officer may release the property unless a bond is given, . . . but the officer shall be protected from all liability by reason of such levy until he receives such written notice."

The appellant says that the section was intended to apply only to cases where the officer is directed to levy upon property which is in the possession of the judgment defendant, or upon which he is directed to levy as the property of said defendant. It is also said that a levy on the property of some one other than the judgment defendant would be wrongful, and that no notice is required in such cases. The language of the section is plain, and there can be no uncertainty as to its intent. It not only provides that the officer is bound to levy on property in the possession of the judgment defendant, or that he has reason to believe belongs to him, though not in his possession, but further requires a levy on property which the plaintiff points out. It has been frequently held that the section does not apply to a case where the execution defendant claims the property levied

on as exempt. It applies solely to third persons who claim to own the property, and in all such cases the notice is required, and a replevin suit cannot be maintained without it. *Kaster v. Pease*, 42 Iowa, 488; *Upp v. Neuhring*, 127 Iowa, 713. The cases relied upon by the appellant in no way weaken the force of the original decision, which was in the *Kaster-Pease* case. In *Delancey v. Holcomb*, 26 Iowa, 94, and in *Jones v. Clark*, 37 Iowa, 586, the actions were not against officers. In *Peterson v. Espeset, supra,* the holding is in line herewith, and in *Crosby v. Hungerford,* 59 Iowa, 712, the action was between the judgment plaintiff and the officer. It is true that it was held in the latter case that the plaintiff could not recover, if, as a matter of fact, he had lost nothing by reason of the officer's failure to levy; but no question of notice was involved in the case. The officer simply failed to make a levy. There can be no merit in the appellant's contention that the sworn petition in the case took the place of the statutory notice. To so hold would be to repeal the statute and to overrule previous decisions. The merits of the case are not involved in this appeal. It is purely a question of procedure. Had the appellant given the notice required by section 3991, the question of right could have been fully determined.

The defendant was entitled to judgment under the pleadings and the law. The decision of the district court is therefore *affirmed.*