## FOULE & ROPER v. MANN.

1. **Constitutional Law**: INDEMNIFYING BOND: CODE, SECTION 3058. Section 3058 of the Code, providing that the claimant or purchaser of any property, for the seizure or sale of which an indemnifying bond has been taken and returned by the officer, shall be barred of any action against the officer levying on the property, and shall be confined to an action on the bond as his only remedy, in so far as it prohibits one claiming to be the owner from maintaining an action for the recovery of the specific property taken, is unconstitutional and void, its effect being to deprive him of his property without due process of law, and compel him, even if he establishes his ownership, to accept instead its market value. ADAMS, J., *dissenting*.

*Appeal from Harrison District Court.*

WEDNESDAY, DECEMBER 17.

ACTION to recover specific personal property, which, it was stated in the petition, the defendant as constable, under and by virtue of an execution, had levied upon and taken from plaintiffs' possession.

The answer, among other things, stated " defendant states that after the levy (mentioned in plaintiffs' petition) on the property therein mentioned by this defendant as constable, an indemnifying bond was given to him with good and sufficient sureties approved by said officer as provided by law, which bond was duly returned to the court that issued the execution mentioned in plaintiffs' petition and filed by said court with the execution in the case of the *Milburn Wagon Co. v. W. T. Nash* and *E. H. McBride*, which is a bar to this action."

To this portion of the answer a demurrer was interposed on the ground that the statute on which it is based is unconstitutional. The demurrer was overruled and the plaintiffs appeal.

*Cochran & Bailey*, for appellants.

*F. M. Dance*, for appellee.

SEEVERS, J.—I.  The Code, section 3055, provides that an officer, if he has received the notice therein contemplated, may refuse to levy or release the levy made unless an indemnifying bond is given him, and section 3058 is as follows: "The claimant or purchaser of any property, for the seizure or sale of which an indemnifying bond has been taken and returned by the officer, shall be barred of any action against the officer levying on the property if the surety on the bond was good when it was taken. Any such claimant or purchaser may maintain an action upon the bond and recover damages as he may be entitled to."

*1. CONSTITU-TIONAL LAW: indemnifying bond: code, section 3058.*

Under this statute the defense was pleaded and the effect of the decision below is to compel the plaintiffs to accept the money value of the property, and damages for the unlawful taking, in lieu of the property, and the question is whether this statute is constitutional.

The constitution of this State provides that "no person shall be deprived of life, liberty or property without due process of law."  Article 1, section 9, Code, 770.  And the same provision is contained in the constitution of the United States.

The plaintiffs claim to be the owner of a portion of the property in question, and for the purposes of this case such property must be regarded as belonging to them.  As the defendant relied on the statute as a defense to the whole action, and the defense was so pleaded, the demurrer should have been sustained if the same constituted a partial defense only.

"Due process of law" has been variously defined, but it "undoubtedly means in the due course of legal proceedings, according to those rules and forms which have been established for the protection of private rights."  EDWARDS, J., *Westervelt v. Gregg*, 2 Kernan, 209; and it was intended thereby "to secure the individual from the arbitrary exercise of the powers of government unrestrained by the established principles of private rights and distributive justice."  *Bank of Columbia v. Okely*, 4 Wheat., 235.  Under the pretence that the property

in question belonged to the defendants in execution, the officer levied upon and took possession of the property of the plaintiffs. The latter are thereby deprived of such property without a trial, "without having had their day in court," without a pretence that the forms and proceedings known to the law of the land have been complied with, and in effect the plaintiffs are compelled to sell their property on the market whether they so desire or not. The process in the defendant's hands did not authorize him to take the plaintiffs' property, and, therefore, for the purposes of this case, it cannot be regarded as due process of law.

There is no rule or principle known to our system under which private property can be taken from one man and transferred to another for the private use and benefit of such other person, whether by general laws or by special enactment. Cooley on Constitutional Limitations, 357.

If the plaintiffs cannot recover the specific property taken, they are deprived thereof without thier consent under and by virtue of a general statute. If this had been done directly, that is, if the statute had so provided in terms, no one would claim it was constitutional. In effect this precise thing has been done, and the plaintiffs' property has been transferred to another unless they can have their day in court, and their right to the specific property adjudicated. The rule must be applicable to all property, and, therefore, such as may be valuable only for its associations, may be taken as well as that which possesses an intrinsic value. Heirlooms, pictures of deceased friends, family bibles, and many other articles of property that might be named, must share the fate of other property but for the statute exempting them or some of them from execution. It may be said the statute does not apply to actions to recover specific personal property, but only to actions brought against the officer to recover the value of the property taken. But it has been held otherwise in *Kaster & Farwell v. Pease*, 42 Iowa, 488; *Finch v. Hollinger*, 43 Iowa, 598,

and it has been so ruled in Missouri under a similar statute. *Bradley v. Holloway*, 28 Mo., 150; *St. Louis, Alton & Chicago R. Co. v. Castello*, 30 Mo., 128.

Besides this, Code, section 3241, provides in actions to recover specific personal property that the plaintiff, if he so elects, if it is found he is entitled to the property, may take judgment for its value if the property is not obtained on the writ and also for damages for the detention. The officer may, therefore, be made liable to pay the value of the property when the action is brought to recover it as well as if the action was brought directly to recover such value. It may also be said that the owner may attend the sale and notify all persons not to purchase and that if any person does purchase, he may, in an appropriate action, recover the property of such purchaser, and that, therefore, the owner will not be deprived permanently of his property, and that if he is so deprived for the short period existing between the levy and sale, it will not render the statute unconstitutional. The objections to this view are at least two fold. 1. The constitution in emphatic terms declares that no person shall be deprived of his property without due process of law. No distinction is made between a long or short time. The constitutional provision is violated whenever a person is deprived of his property for any length of time unless provision is made whereby he can maintain an action for its recovery. 2. It does not follow because the property is offered for sale there will be bidders. The notice given would tend to prevent bidding. If there was no purchaser, the officer must retain the property and again offer it for sale, and this may be continued indefinitely. There is no provision of law whereby an officer may surrender the property to the owner after a levy and execution of the bond.

It may be further said that the officer is not fully indemnified if actions like the present may be maintained against him. But is this true? The statute provides, and it has been held, the officer may refuse to levy, or release the property after levy, if

he receives a notice in writing that another than the execution debtor claims the property, and the plaintiff in execution refuses to give the officer an indemnifying bond. If such a bond is given the officer is sufficiently protected if he takes such a bond as he is authorized to take, and, therefore, it follows that there is not even an apparent necessity for the violation of the constitution for his benefit.

II. The plaintiffs claim possession of a portion of the property under a mortgage executed to them by McBride. In such property the plaintiffs have no right or interest except to the extent of the debt due them. In a constitutional sense such property does not belong to them. We do not, therefore, see why the general assembly may not provide that an action for the preservation of their rights thereto should be so brought that a recovery of their pecuniary interest therein should be the limit of the recovery instead of the specific property.

The result is that so much of the statute as declares in a certain contingency the owner cannot maintain an action against an officer who may levy thereon under an execution against another for the recovery of the specific property levied on is unconstitutional and void.

REVERSED.

ADAMS, J., *dissenting.*