CRAIG v. FOWLER.

1. **Constitutional Law**: CODE, SECTION 3058, UNCONSTITUTIONAL. An officer who, under an execution, seizes the property of one not the execution defendant is a trespasser, and is liable to the owner of such property in an action for damages; and section 3058 of the Code is unconstitutional in so far as it seeks to bar such an action by the taking and returning by the officer of an indemnifying bond as provided by sections 3055, 3056. The reasoning of *Foule & Roper v. Mann*, 53 Iowa, 42, held applicable and followed.

2. **Fraud**: METHOD OF PROOF: ADMISSIBILITY OF TESTIMONY. Fraud, and the knowledge of fraudulent designs and transactions, cannot in many cases be proved except by circumstances; and when evidence offered tended to establish facts and circumstances which would have aided in disclosing the real purpose of the parties, it was error to exclude it.

3. ———: DELAYING CREDITORS: INSTRUCTION. An instruction to the effect that if plaintiff held an honest claim against her husband, she could not use it for the purpose of hindering and delaying other creditors, *held* good in substance, though wanting in explicitness.

4. ———: EVIDENCE: INSTRUCTION. An instruction in substance as follows: "Any fraud of the husband, if any has been shown, in encumbering or disposing of his property, cannot affect the plaintiff, unless she knew of and assented to or aided in it at the time, and, even then, fraud shown in other transactions will not be sufficient alone to show fraud in this one. It can only be considered as showing the general course of dealing of the parties, and as a circumstances bearing on the general probabilities of the case," *held* not erroneous.

ADAMS and DAY, JJ., *dissent* as to the first point.

Craig v. Fowler.

*Appeal from Greene Circuit Court.*

THURSDAY, JULY 13

ACTION to recover the value of a stock of drugs, medicines, and other merchandise, seized and sold by defendant, who was the sheriff of the county, on certain executions issued upon judgment against John Craig, and J. R. Craig, plaintiffs, husband and son. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*H. S. Winslow*, for appellant.

*McDuffie & Howard* and *C. H. Jackson*, for appellee.

BECK, J.—I. The defendant alleges that after the levy of the executions and upon receiving a notice from plaintiff

1. CONSTITU-TIONAL LAW: code, § 3058 unconstitutional.

that she was the owner of the property seized, an indemnifying bond was executed by the plaintiffs in execution, in pursuance of his demand therefor, which was by defendant returned to the District Court of the county wherein the levy was made. The part of the answer containing these allegations was stricken out on the ground that it set up no defense to the action. This ruling is the first ground of complaint on the part of defendant.

Code, section 3058, provides that an action against an officer seizing property on execution is barred, if an indemnifying bond has been taken and filed in the proper court as required by sections 3055, 3056. Under these statutes defendant insists that an action cannot be maintained against him.

We have held that section 3058, so far as it prohibits an action of replevin against an officer to recover the specific goods seized by him, is unconstitutional and void. *Foule & Roper v. Mann*, 53 Iowa, 42. But it is insisted that the provision in so far as it is applicable to an action to recover the value of property seized by the officer, is not in conflict with the constitution.

The provision, if it be enforced, would bar a remedy against

an officer who seizes goods that are not subject to the execution in his hands, for the reason that they are not the property of the defendant against whom the writ issues. When the property is seized under such circumstances the officer is a trespasser. His writ does not authorize him to seize the property. The owner has a valid claim against him for the value of the goods seized. This claim of course is the property of the owner of the goods. We know of no power possessed by the legislature to deprive the owner of the goods of this property right which he holds against the officer. Surely the legislature could not by enactment provide that a debtor, by making prescribed arrangements with another person, could cause such person to be substituted as the debtor and himself escape liability to the creditor. Yet this is the precise thing the statute in question aims to accomplish. It declares that the trespasser shall cease to be the debtor of the party whose goods are wrongfully taken, if other persons will in the manner prescribed take his place.

It is no reply to this argument to insist that the statute is intended for the protection of the officers of the law. The law does not and ought not protect them when they violate the rights of property of persons against whom they have no writs. But they have ample protection by the indemnifying bonds which they may demand. If these bonds are sufficient they can suffer no loss.

We think the statute, if enforced so as to bar actions against ministerial officers in cases like the one before us, would result in gross abuses and oppression. The reason and principles upon which the decision in *Foule & Roper v. Mann* is based, are applicable to the case of an action to recover the value of goods illegally seized by a ministeral officer.

II. The plaintiff in this case is a married woman and the wife of one of the execution defendants and the mother of the other. The issues in the case involve the question as to whether the property levied upon belonged to her or to her husband and son. She

2. FRAUD: method of proof: admissibility of testimony.

claims that she bought the goods with money she held in her own right. On the other hand, defendant insists that the property was bought with the money of her husband. Plaintiff testifies that she loaned her husband money which he invested in property and afterwards paid her part, at least, of the sum borrowed, which she invested in the merchandise in question. The husband was involved in debt and conveyances and mortgages of property to the son are shown. There is evidence tending to show that he attempted to cover his property from his creditors.

The defendant in the examination of the plaintiff and other witnesses asked many questions tending to show the business transactions of the father and son, their declarations showing an intent to defraud their creditors, and the knowledge of the plaintiff of their practices and purposes. This was, we think, erroneously excluded.

The burden rested upon defendant to show fraud on the part of her husband in covering up his property by causing the title to be held by his wife. The wife's knowledge and participation in the fraud defendant was required to establish. Fraud cannot always be shown by direct evidence, but is usually proved by circumstances. Neither can the knowledge of or participation in fraudulent designs and transactions be proved in many case except by circumstances. Those who are charged with fraud in transactions investigated in a court of justice, when called upon to give evidence in regard to such charges, are always subject to such an examination as will disclose their knowledge of the fraud and purposes connected with the transactions. So, if, on account of the relations of the parties, confidence may be presumed to exist between them, the law will favor such an examination, when they are required to testify touching matters alleged to be fraudulent, as will disclose their true character.

Fraudulent practices, of like character about the time of the transactions in question, and knowledge of such practices by one charged with participation in the fraud, may be shown.

The evidence offered and excluded tended to establish, we think, facts and circumstances which would have aided to disclose the real purposes of the parties. It ought to have been admitted. The court below ought to have given greater latitude to the examination of plaintiff and other witnesses. *McNorton v. Akers*, 24 Iowa, 369; *Price v. Mahoney*, Id., 582.

It is not necessary here to recite the questions which we think defendant ought to have been permitted to ask. The application of the rules we have stated will clearly indicate at another trial what evidence ought to be admitted.

III. There was no evidence tending to show that the goods in controversy were purchased by plaintiff of her hus-

3. ——: delaying creditors: instruction.

band and son. She testified that she had money in her own right which she loaned to her husband, and which he subsequently repaid. This money was used by him in the purchase of the stock of merchandise levied upon. Defendant asked certain instructions to the effect that if plaintiff held an honest claim against her husband she could not use it for the purpose of hindering and delaying other creditors. The thought of the instruction seems to be that plaintiff, though she held an honest claim against her husband, could not, under pretense thereof, cover the property of her husband so as to delay or defeat his creditors. The instructions probably are wanting in explicitness and could be made more clearly to express the rule intended. But the substance of the instructions ought to have been given to the jury.

IV. The court gave the jury the following instruction, the twelfth: "Some evidence has been introduced regarding

4. ——: evidence: instruction.

other transactions of plaintiff's husband, with his property. It should be borne in mind that any fraud of the husband, if any has been shown, in encumbering or disposing of his property, cannot affect the plaintiff, unless she knew and assented to or aided in it at the time, and even then fraud shown in other transactions, if so shown, will not

be sufficient alone to show fraud in this one. It can only be considered as showing a general course of dealing of the parties and as a circumstance bearing on the probabilities of the case." This instruction defendant insists is erroneous, in that it fails to state that if plaintiff had notice of such facts as would have put an ordinarily prudent man upon inquiry that would have led to a knowledge of the fradulent acts of her husband, she is chargable with knowledge thereof. In support of this objection counsel cite *Jones v. Hetherington,* 45 Iowa, 681. The rule of that case is to the effect that knowledge of a fraudulent character of a sale of goods, which is the subject of the suit, will be inferred from circumstances which are sufficient to raise inquiry. But the instruction under consideration did not relate to the particular transactions involved in the action which is alleged to be fraudulent, but to other transactions from which the transaction in question may be inferred to be fraudulent. It appears to us that the rule of the case cited cannot be extended to transactions other than the one assailed by the action. It will not do to hold that because plaintiff could have discovered that other transactions of her husband were fraudulent, upon inquiries suggested by facts within her knowledge, the inference is raised that the payments of money to plaintiff by her husband and her purchase of the goods therewith were fraudulent.

Other questions discussed by counsel need not be considered. For the errors above pointed out the judgment of the Circuit Court is

REVERSED.

ADAMS, J., *dissenting.*—I think that the court erred in striking from the answer the allegations based upon the provision of the statute contained in section 3058 of the Code. I do not think that the statute is unconstitutional. While, therefore, I concur in the reversal of the case, I do so upon the ground that the court erred in holding that the statute

is unconstitutional. Upon the other points I express no opinion.

Section 3058 of the Code is in these words: "The claimant or purchaser of any property, for the seizure or sale of which an indemnifying bond has been taken and returned by the officer, shall be barred of any action against the officer levying on the property if the surety on the bond was good when it was taken. Any such claimant or purchaser may maintain an action upon the bond and recover such damages as he shall be entitled to." The provision of the constitution alleged to be violated is in these words: "No person shall be deprived of life, liberty, or *property*, without due process of law." Art. 1, § 9, Constitution of Iowa. It has been held in *Foule & Roper v. Mann*, 53 Iowa, 42, that where the property of a third person is seized upon execution he is *deprived* of it, notwithstanding his title is not divested by the seizure, nor by a sale thereunder, and the process being quite clearly, so far as he is concerned, not "due process of law," within the proper meaning of those words, it followed that the provision was unconstitutional so far as it was designed to bar an action of replevin. The case before us is to my mind entirely different. We have to determine whether the plaintiff's alleged claim can, under the statute, be properly held to be in the nature of property. If it is she is without question deprived of it. The question in *Foule & Roper v. Mann*, was as to the *effect* of the seizure and sale upon what was indisputably property.

Proceeding then to inquire whether the plaintiff's alleged claim can, under the statute, be properly held to be property, I have to concede of course that where a person's property is seized upon an execution against another, he would, but for the statute, have a claim against the officer for damages, and that such claim would be in the nature of property. I have to concede, also, that such claim having once properly arisen it could not be taken away by statute. But where the statute is enacted in advance of the seizure, I do not think that

the claim arises. The trespasser is the execution creditor. He alone is in fault. The officer becomes the blind, and it may be, the unwilling instrument of the law which the creditor uses. It is proper and competent I think, therefore, for the law to make him irresponsible.

Let us see into what kind of a dilemma the majority opinion leads us. The statute imperatively requires an officer, who has been indemnified, to proceed to subject the property to the execution; and this court held in *Evans & Son v. Thurston*, 53 Iowa, 122, that he could not escape the obligation. We have then an act which it is legal and illegal to do; or to put the case more strongly we have an act which it is illegal to omit to do and illegal to do.

In my opinion the true view is that no person can be deemed a trespasser for doing what the law requires him to do. I am not able to entertain any doubt. But if I did it would not follow that I should be justified in holding the statute unconstitutional. A statute is not to be held unconstitutional which is merely of doubtful constitutionality. It is not for a court to lightly impugn the action of a co-ordinate branch of the government.

MR. JUSTICE DAY concurs with me in this dissent.