## SUNBERG V. BABCOCK, SHERIFF, ET AL.

1. **Replevin:** SUBSTITUTION OF DEFENDANTS IN: STATUTE PROVIDING FOR UNCONSTITUTIONAL. Sections 2572, 2573, 2574 of the Code, which provide that, in an action against a sheriff to recover property which he has seized upon process, the party in whose favor the process issued may be substituted as defendant, and the sheriff discharged from all liability, *held* unconstitutional, because they deprive the plaintiff of rights which are in the nature of property, without due process of law. Compare *Foule v. Mann*, 53 Iowa, 42, and *Craig v. Fowler*, 59 Id., 200,

2. ——: ——: APPEAL FROM ORDER: NOTICE. Where an order is made in a replevin suit discharging the sheriff as defendant, and substituting other parties, under sections 2572, 2573, 2574 of the Code, the order being made on the application both of the sheriff and the substituted defendants, and an appeal is taken therefrom, it is no objection to entertaining such appeal that the notice of appeal was not served upon the substituted defendants, since the discharge of the sheriff is the thing complained of in the appeal.

3. ——: ——: RIGHT TO APPEAL FROM ORDER: REMOVAL OF CAUSE. In such case, the right to take an appeal from the order of discharge and substitution is not taken away by the subsequent removal of the cause to the federal courts. See *Sunberg v. The District Court, etc.*, *ante*, p. 597.

*Appeal from Jones District Court.*

WEDNESDAY, OCTOBER 3.

ACTION of replevin to recover certain goods seized by defendant, Babcock, sheriff, by virtue of certain writs of attachment in his hands against the property of P. and N. Ohlquist. Upon the motion of the sheriff and certain of the creditors, they were substituted as defendants in the action in the place of the sheriff, and he was discharged from all liability as defendant. From this order plaintiff appeals.

*Welch & Welch*, and *J. B. Young*, for appellant.

*Herrick & Doxsee* and *E. Keeler*, for appellee.

BECK, J.—I. The creditors were substituted in place of the sheriff, and he was discharged, under the following provisions of the Code:

"SEC. 2572. Upon affidavit of a defendant before answer, in any action upon contract for the recovery of personal prop-

1. REPLEVIN: substitution of defendants in : statute providing for unconstitutional.

erty, that some third party without collusion with him has or makes a claim to the subject of the action, or on proof thereof, as the court may direct, the court may make an order for the safe keeping, or for the payment or deposit in court or delivery of the subject of the action, to such person as it may direct, and an order requiring such third person to appear in a reasonable time and maintain or relinquish his claims against the defendant, and in the meantime stay the proceedings. If such third party, being served with a copy of the order, fails to appear, the court may declare him barred of all claim in respect to the subject of the action against the defendant therein. If such third person appears, he shall be allowed to make himself defendant in the action in lieu of the original defendant, who shall be discharged from all liability to either of the other parties in respect to the subject of the action, upon his compliance with the order of the court for payment, deposit or delivery thereof.

"SEC. 2573.—The provisions of the last section shall be applicable to an action brought against a sheriff or other officer, for the recovery of personal property taken by him under an attachment or execution, or for the value of such property so taken and sold by him. And the defendant in any such action shall be entitled to the benefit of these provisions against the party in whose favor the attachment or execution issued, upon exhibiting to the court the process under which he acted, with his affidavit that the property, for the recovery of which, or its proceeds, the action was brought, was taken under such process.

"SEC. 2574.—In an action against a sheriff or other officer for the recovery of property taken under an attachment or execution, the court may, upon application of the defendant and of the party in whose favor the process issued, permit the latter to be substituted as defendant, sureties for the costs being given."

Under these provisions, in an action against a sheriff to recover property which he has seized upon process, the party in whose favor the process issued may be substituted as defendant, and the sheriff may be discharged from all liability. This may be done, though the property was not lawfully subject to seizure upon the process, and was in fact not the property of the defendant against whom the process issued, but was owned by the person bringing the action. In that case, the process gave the sheriff no protection, and his act was a trespass, and he a trespasser. By his act in seizing the property he became personally liable to the owner for its value and damages for its unlawful seizure and detention. The owner, beside the right of action against the sheriff, may also look to his official sureties. But this statute takes away these rights of the owner, which are in the nature of property, and substitutes another person against whom he is required to prosecute his claim. This substitute may be a non-resident and insolvent. This property right of the person injured cannot be taken away in the manner attempted by the statute.

The provisions under consideration are not different in effect from Code, § 3058, which provides that sureties upon an indemnifying bond may be substituted as defendants in actions against officers seizing property upon process. We held that this section was unconstitutional, so far as it operated to deprive claimants of property from prosecuting actions of replevin, or actions to recover the value of property, against officers seizing it under process issued from the court. *Foule & Roper v. Mann*, 53 Iowa, 42; *Craig v. Fowler*, 59 Iowa, 200.

Section 3058 is less objectionable, possibly, than the provisions under which the decision of the court below was made in this case. It provides that no action shall be prosecuted against the officer if the sureties on the indemnifying bond were good when it was taken. The claimant of property would be presumed to have protection by an action upon a bond executed by responsible sureties. But under the pro-

visions involved in this case, the parties in whose favor the process runs may be substituted, though they be actually insolvent, and not residents of the state. It is true, they must secure the costs, but that provision does not secure the property owner for the damages, and the value of the property of which they are deprived. The statute in question in this case, Code, § § 2572, 2573, 2574, are in conflict with the constitution and cannot be enforced.

II. Counsel for defendants insist in their argument, as well as by a motion to dismiss the appeal, that the creditors, John V. Farwell & Co., substituted in the place of the sheriff as defendants, were not served with notice of the appeal. If this be conceded, it can be no ground for dismissing the appeal. The sheriff and creditors each made separate applications for the discharge of the sheriff and substitution of the creditors, which was granted, without the order specifying particularly which application was sustained. It will be presumed that both were. But whether both or one application was allowed, the order discharged the sheriff and substituted in his place the creditors. It is very plain that an appeal from the order discharging the sheriff involves the order substituting the creditors. If the sheriff is not discharged, they are not substituted. So if the order discharging the sheriff be reversed, the order making the substitute will be of no effect, and stand as reversed. It is not denied that plaintiff may prosecute the appeal against the sheriff alone, insisting that the order discharging him is erroneous. The creditors are not parties to that order, or rather are not necessary parties to an appeal therefrom.. It may be that plaintiff is willing that the creditors should remain as defendants in the action, if they may so remain after the sheriff is restored to his position as defendant. In that view, plaintiff would have no interest in prosecuting an appeal against the creditors, or rather would not intend or desire to prosecute it against them.

III. It is in the same manner insisted that plaintiff's ab-

*(Margin note beside paragraph II:)* 2. ——: ——: appeal from order: notice.

stract fails to show that the order complained of was made by the district court. The objection is not supported by the language of the abstract. It·is quite plainly alleged that the court did dismiss the sheriff from the suit, and substitute the creditors.

IV. It is made a ground of objection in the motion that, as plaintiff did not appeal from an order transferring the cause to the U. S. circuit court, he has waived his right to prosecute this appeal, and that the removal of the cause to the U. S. court leaves nothing of the case in the district court from which plaintiff can appeal. ·But we have held in *Sunberg v. The District Court, etc., ante,* p. 597, which was submitted to us with this cause, that an appeal will lie from the order discharging the sheriff, as defendant, and substituting the creditors, though no appeal should or could be taken from the order transferring the case to the U. S. court.

The motion to dismiss the appeal is overruled, and the decision of the district court, and order to that effect, discharging the defendant, Babcock, and substituting in his place the creditors, J. V. Farwell & Co., is

REVERSED.