## MAISH v. LITTLETON, SHERIFF.

1. **Replevin against Sheriff:** SUBSTITUTION OF ATTACHING CREDITOR: STATUTE UNCONSTITUTIONAL. Where a sheriff levies upon personal property under a writ of attachment, and the owner of the property replevies it, the attaching creditor cannot be substituted as defendant in place of the sheriff, and the sheriff discharged, under sections 2572, 2573 and 2574 of the Code. Said sections, so far as they provide for such substitution, are unconstitutional. *Sunberg v. Babcock*, 61 Iowa, 601, followed.

*Appeal from Polk Circuit Court.*

FRIDAY, OCTOBER 19.

ACTION in replevin. The defendant is the sheriff of Polk county. As such, he received a writ of attachment in an action brought by H. B. Claflin & Co. against W. K. Bird, and levied the same upon certain personal property. The plaintiff claims to be the owner of the property, and entitled to the immediate possession. Under such claim, he brought this action to recover possession, and for damages. The defendant, Littleton, and the attaching creditors, H. B. Claflin & Co., made an application to the court for the substitution of H. B. Claflin & Co. as defendants, in the place of Littleton. This application the court overruled, and from the order overruling the same the defendant appeals.

*Brown & Dudley*, for appellant.

. *Wright, Cummins & Wright*, for appellee.

ADAMS, J.—The application for substitution was made under sections 2572, 2573 and 2574 of the Code.

The substitution asked for contemplated, of course, the discharge of Littleton. If he had become liable to the plaintiff, as the petition avers, the plaintiff had a claim against him which was in the nature of property. The discharge of Littleton would have had the effect to deprive the plaintiff of this property. He insists, therefore, that the statute providing for the substitution of the creditor and discharge of the officer is unconstitutional. The question raised was decided in *Sunberg v. Babcock, Sheriff*, 61 Iowa, 601. It was held in that case that the statutory provision for the substitution of the creditor and discharge of the officer was unconstitutional. Following that case, we have to say that the judgment of the circuit court must be

AFFIRMED.