VICTOR HEIN, Respondent, *v.* ALEXANDER V. DAVIDSON, as Sheriff, etc., Appellant.

The provisions of the Code of Civil Procedure (§§ 1421–5), providing for the substitution of the sureties to an undertaking indemnifying a sheriff against a levy made by him as defendant in an action against him because of such levy, are not violative of the constitutional provision, prohibiting the taking away of the private property of a citizen without "due process of law." (Amendment to U. S. Const., art. 4 ; State Const., art. 1, § 6.) They simply change the form of the remedy of the owner of the property, which is, nevertheless, left substantial and effectual.

The power belonging to the State legislature to regulate the civil procedure for the enforcement of rights authorizes it to say when an officer, acting under the requirements of that procedure may, and when he may not, be sued, provided only the citizen is not deprived of adequate remedy for any trespass or wrong.

*Foule* v. *Mann* (53 Iowa, 42), *Craig* v. *Fowler* (59 id. 200), distinguished.

(Argued April 29, 1884 ; decided June 3, 1884.)

APPEAL from order of the General Term of the Court of Common Pleas in and for the city and county of New York, made January 21, 1884, which reversed an order of Special Term, granting a motion substituting certain persons as defendants in this action, and which denied said motion.

This action was brought against defendant as sheriff of the city and county of New York, to recover damages for alleged trespass in seizing and carrying away certain property belonging to plaintiff.

The answer alleged that the property was levied upon by defendant under and by virtue of an attachment issued to defendant, as sheriff, against one Rice, whom plaintiff alleged to be his assignor. The motion for substitution was made under sections 1421, *et seq.*, of the Code of Civil Procedure upon an affidavit showing that a bond of indemnity had been executed to defendant and upon the consent of the sureties to said bond that they be substituted as defendants.

*Morris Goodhart* for appellant. The presumption is that the legality of the application was viewed in all its aspects, and

this court will not declare it unconstitutional. (*Macomber* v. *Mayor, etc.*, 17 Abb. Pr. 35 ; *Hessberg* v. *Riley, Sheriff*, 91 N. Y. 377.) The plaintiff could elect to sue the indemnitors alone on the theory that they are tortfeasors, and consequently the petitioners are originally liable for the full amount of any alleged damages. (*Herrick* v. *Hoppock*, 15 N. Y. 469 ; *Weber* v. *Ferris*, 37 How. Pr. 102.) The legislature may constitutionally enact laws to render valid and legal the doings of public officers who have exceeded their authority, although by such laws individuals may be deprived of rights previously vested. (Smith's Comm. of Constitutional Construction, 409.) It may constitutionally pass laws limiting the liability of public officers. (*Gray* v. *City of Brooklyn*, 50 Barb. 365 ; 10 Abb. [N. S.] 186.) The order was appealable. (Code of Civ. Pro., § 190, subd. 2, parag. 6.)

*E. More, Jr.*, for respondent. Plaintiff could sue all four of the signers of the bond for the wrongful conversion, or each one of them separately, and could proceed to judgment against each. (Corr. Treat. [Tracy 4th ed.], § 707.) Sections 1421–1426 of the Code are invalid because they take away plaintiff's right of action against Davidson, the principal wrong-doer. (Cooley on Const. Lim. [7th ed.] 545; *Taylor* v. *Porter*, 4 Hill, 140, 145; *Powers* v. *Bergen*, 6 N. Y. 358.) Private property cannot be taken for strictly private purposes, without the consent of the owner with or without compensation. ( *Wilkinson* v. *Leland*, 2 Peters, 657 ; *Westervelt* v. *Gregg*, 12 N. Y. 202 ; *Rockwell* v. *Nearing*, 35 id. 302 ; *Gebhard* v. *R. R. Co.*, 17 Blatchf. 416.) The officer is not bound to sell property which does not belong to the defendant, though indemnified. (*Lummis* v. *Karson*, 43 Barb. 373 ; *Wadsworth* v. *Wallaker*, 45 Iowa,     ; *Ahleguist* v. *Farwell*, 13 Fed. R. 305 ; *Sunberg* v. *Babcock*, 16 N. W. R. 716 ; 17 id. 182 ; *Fowle* v. *Man*, 53 Iowa, 42 ; *Craig* v. *Fowler*, 59 id. 200.)

FINCH, J. Those sections of the Code which free the sheriff from liability for a seizure of property where he has taken a bond of indemnity, and the sureties seek to be substituted as de-

fendants, are now claimed to be unconstitutional upon the ground that they take away the private property of the citizen without due process of law. If the property of such person is seized by an officer who holds no process against him, and who, therefore, is a pure trespasser without authority or justification for the act, the injured party has his right of action against the wrong-doer. That right is property; it has value; it may be sold or assigned; it will pass to the personal representatives. Not only that, but its existence as a right is essential to the idea of ownership in the property seized, for while there may be possession, there can be no real ownership as against one whom the law permits to seize the property with impunity. Against such a person the only possible title is that of force. When, therefore, it is argued, the sheriff seizes the property of an individual without process against him, the officer disappears in the man; he becomes liable personally; and any enactment which takes away that liability deprives the citizen of his property without due process of law. There is force in the argument, but other considerations are to be stated and weighed.

The provisions of the Code do not take away the injured party's right of action. That remains as such, unchanged in its inherent character, but confined for its enforcement to the real and actual trespassers. The right of action survives the restriction; the ownership invaded is recognized and protected. Neither are taken away, but both are preserved under the sanctions of the law. The right of action is two-fold; it may aim at a return of the specific property, or damages for its conversion. Both remedies are left. If there are several trespassers they are liable jointly or severally, but if sued severally there can be but one satisfaction, since there is but one loss and one injury, though committed by several. If the legislature releases one, but leaves the rest liable, it may diminish the certainty of redress, but it does not take away the right of action or destroy the ownership. The injured party still has his cause of action; can still enforce it; is still owner, with the remedies of an owner. When he sues the sheriff, who has

acted on the faith of a bond, the suit is really against the sure-
ties who stand behind the officer. When they are substituted
and the officer released, the party bound to answer for the
wrong is changed, but the wrong remains and the right of re-
dress is not taken away. The remedy for the wrong is by pos-
sibility narrowed, but in no respect destroyed or made inef-
fectual. If the injured party sues in replevin, it is of little
consequence who may be the defendant, since the remedy aims
at a recovery of the specific property. If the action is for dam-
ages, the indemnitors whom the sheriff deemed sufficient for
his own safety are put in his place, and if the plaintiff doubts
their responsibility the court is armed with power to require
ample security, which power, it is to be assumed, will be justly
exercised. What the injured party loses and is deprived of is
the responsibility of the sheriff and his bail, but only on the
condition that an adequate responsibility is put in its place.
The plaintiff's right to sue, to recover his property or damages
for its conversion, continues with its normal force and charac-
teristics, and is affected only by a change in the form of his
remedy, which is nevertheless left substantial and effectual.
What can be said with some appearance of correctness is that
in case of a trespass the remedy of the injured party against
the wrong-doer is a part of his right, an element of his property,
and so a change of the remedy invades the right. That is only
true of a case like the present in a very general sense, and if
given full scope and range might make unconstitutional the
least interference with the remedy. A statute of limita-
tions affects the remedy, and through that may indirectly
affect the right. It leaves it narrower than it found it, but
nevertheless does not change its substantial character. An officer
holding an execution valid on its face, but issued upon a judg-
ment in fact void, and levying upon the defendant's goods, is
protected by his process, and the injured party is deprived of
any remedy against the official trespasser, and compelled to sue
the real wrong-doer. Are we to say that such doctrine violates
the Constitution? Is that "due process of law" which is ab-
solutely void as against the injured party? The man who

committed the trespass goes free, and the sole remedy is against those who set him in motion, but it has never yet been supposed that as a consequence the Constitution was violated.

Several cases decided in the courts of another State are commended to our attention. (*Foule* v. *Mann*, 53 Iowa, 42 ; *Craig* v. *Fowler*, 59 id. 200.) The first of these cases arose on demurrer. The action was brought to recover specific personal property levied upon by a constable who had been indemnified and had filed the bond with the execution. The statute relied upon provided that in such case "the claimant * * shall be barred of any action against the officer * * if the surety on the bond was good when it was taken," and gave only a right of action upon the bond for damages. The court held that this provision took away utterly the right to recover the specific property, and so heir-looms and articles of personal value beyond their intrinsic worth were liable to be taken without the possibility of recovery. The last of the two cases, however, went further and held the substitution to be unconstitutional as applied to an action for damages merely, but its force is very much weakened by the dissent of two members of the court. And also it should be observed that the officer was to be released "if the bond was good when it was taken." At the moment of the substitution the bond might be worthless although good when first executed, and so in practical effect there would have resulted in possible cases a denial of all remedy which would be the equivalent of a total destruction of the property right.

The question arose again in the same State over other sections which released the officer and substituted the plaintiff in the process. (*Sunberg* v. *Babcock*, 16 N. W. Rep. 716.) But it was carefully pointed out that such plaintiff might be insolvent or non-resident and was only required, as a condition of substitution, to give security for the costs. It is not at all certain that if these statutes had preserved to the injured party his substantial rights and left him with a complete and adequate remedy, that they would have been held to be unconstitutional. We think that the right of the legislature to regulate the civil

procedure for the enforcement of rights is wide enough to permit it to say when an officer acting under the requirements of that procedure may be sued and when he may not be, provided only that he is not shielded so as to deprive the citizen of adequate remedy for any trespass or wrong. The doctrine of the Federal courts has gone so far as to hold that a tax may be assessed without notice to the property-owner, and collected although illegal, and his possible remedy by an action in equity to restrain the collection of the tax was sufficient to save the enactment complained of from the condemnation of the fundamental law. (*McMillen* v. *Anderson*, 95 U. S. 37.) Here a wider and more abundant remedy exists, and we do not feel safe or justified in saying that the right to sue a specific individual is a constitutional right which cannot be taken away although adequate and complete protection to the right of property is left.

. For these reasons we think the order of the General Term should be reversed and that of the Special Term affirmed, with costs.

All concur, except RAPALLO and DANFORTH, JJ., who dissent.

Ordered accordingly.