CHEADLE & ZANGS v. GUITTAR ET AL.

1. **Attachment:** PROTECTION OF OFFICER IN ABSENCE OF WRITTEN NOTICE: CHAP. 45, LAWS OF 1884: CONSTITUTIONALITY. Since chapter 45, Laws of. 1884, does not deprive a person whose property is siezed under a writ of attachment against another of his right of action on account thereof, but only requires that such person give written notice to the officer of his ownership of the property, as a condition precedent to his right of action, said statute.does not authorize the taking of property without due process of law, and is not unconstitutional on that ground. *Foule v. Mann*, 53 Iowa, 42, distinguished.

*Appeal from Pottawattmie Circuit Court.*

FRIDAY, APRIL 23.

ACTION to recover specific personal property which had been seized by the sheriff under and by virtue of a writ of attachment. A demurrer to the petition was sustained, and the plaintiffs appeal.

*G. A. Holmes* and *Stiles & Beaman*, for appellants.

*Wright, Baldwin & Haldane*, for appellees.

SEEVERS, J.—The ground of the demurrer, which was sustained, is as follows: The "petition does not show that prior to the commencement of this action plaintiff had served upon the defendant the notice and proof of ownership required by law." The statute upon which the ruling of the court, without doubt, was based, is as follows: "An officer is bound to

levy an attachment on any personal property in possession of, or that he has reason to believe belongs to, the defendant, or on which the plaintiff directs him to levy; but if after such levy he shall receive a notice in writing, under oath, from some other person, his agent or attorney, that such property belongs to him, and stating the nature of his interest, and the facts showing how he acquired such interest, and for what consideration, such officer may release the property, unless a bond is given as provided in the next section. But such officer shall be protected from liability by reason of such levy until he receives such written notice." Chapter 45, Laws 1884; Miller's Code, 739.

It is objected that the statute is unconstitutional, because it conflicts with sections 1, 8 and 9 of article one, of the constitution, for the reason that thereunder a person may be deprived of his property without due process of law. In discussing this question it must be assumed that the required notice of ownership was not given. The primary object of the statute is to compel the officer to make the levy, and protect him from liability for so doing. The right of the party to maintain an action for the recovery of the property is in no respect impaired. A person may be deprived of property by his own negligence. The lapse of time will prevent a recovery if there is a statute limiting the time within which an action may be commenced. Existing remedies may be taken away and new ones given. Cooley, Const. Lim., 351, 443, 448. Instantly, upon the levy being made, the appellant could have given the required notice, and then his right of action would have been complete. But for the statute the act of the officer may be conceded to have been a trespass. To recover his property, the plaintiff could, in such case, have instituted an action. He is not deprived of such right by the statute. It exists now as fully as it did before the statute was enacted. Before, however, the action can be maintained, he must give the required notice. This is a matter clearly within the legislative will and discretion.

We are unable to see that sections 1 and 8, of article one, of the constitution have any bearing on the question under consideration. The statute in question does not contain the provision declared to be unconstitutional in *Foule v. Mann*, 53 Iowa, 42. In this respect the two statutes are clearly distinguishable.

In our opinion, the statute is not unconstitutional, and therefore the demurrer was correctly sustained.

AFFIRMED.