## ATWOOD v. BROWN ET AL.

| 72 | 723 |
| 100 | 172 |
| 72 | 723 |
| 127 | 737 |

1. **Trespass:** WRONGFUL LEVY: DISCHARGE OF ONE WRONG-DOER DISCHARGES ALL. An accord and satisfaction by one of several wrongdoers is a satisfaction as to all. (*Turner v. Hitchcock*, 20 Iowa, 310.) Accordingly, where a sheriff, by order of the execution creditor, who had given an indemnifying bond, wrongfully seized and sold a stock of goods, and the owner had brought suit on the indemnifying bond, and the suit had been settled and satisfaction made accordingly, *held* that the execution creditor was a joint wrong-doer with the sheriff, and that the accord and satisfaction made by the execution creditor would bar an action against the sheriff on his official bond for any conversion of the goods under the wrongful levy, even though a portion of the proceeds were applied to the satisfaction of other claims held by the sheriff at the time against the execution debtor.

*Appeal from Monroe Circuit Court.*

SATURDAY, MARCH 5, 1887.

THIS is an action upon the official bond of T. R. Brown, sheriff of Monroe county, for damages alleged to have been sustained by plaintiff by reason of the wrongful levy of an execution upon a stock of merchandise. There was a trial by jury. When the evidence for the plaintiff had been introduced, the defendants moved the court to take the case from, the jury, and render judgment for the defendants. The motion was sustained. Plaintiff appeals.

*John F. Lacey* and *H. L. Dashiell,* for appellants.

*Jas. D. Gamble,* for appellees.

ROTHROCK, J.—It appears from the record that one Gar- ♦ retson was engaged in the mercantile business at Knoxville, and that he was indebted to Schweitzer, Beer & Co. upon a judgment, upon which an execution was issued and placed in the hands of the defendant Brown, as sheriff. A levy was made on Garretson's stock of goods. The plaintiff herein claims to be the owner of the goods, by virtue of bills of sale and chattel mortgages, and the sheriff took an indemnifying bond from Schweitzer, Beer & Co., in the sum of $1,000, for the benefit of the plaintiff. The sheriff sold the whole stock of goods, excepting about $500 worth, which were returned to Garretson, and applied the proceeds of the sale in payment of said execution and two other executions for small amounts, and in discharge of a lien on the goods for rent of the store building, and in payment of the costs which had accrued in making the sale. The plaintiff brought an action upon the indemnifying bond. A trial was had, and the jury returned a verdict for the plaintiff for the full amount of the bond. The jury also found specially that the goods levied upon were worth $2,500, and that $500 worth

were returned to Garretson. A judgment was rendered on the verdict for $1,200; that being the amount of the indemnifying bond, with interest. After the verdict in that case was returned, the plaintiff filed a supplemental petition, in which she claimed that she was equitably entitled to recover of Schweitzer, Beer & Co. the full value of the goods, as shown by the verdict of the jury, and that defendants in that action were liable to pay the balance of $2,000, after deducting the amount recovered on the bond. Afterwards, a settlement of that suit was made, in connection with another action brought by Garretson against Schweitzer, Beer & Co. By that settlement, the plaintiff was paid the full amount of the judgment on the indemnifying bond and costs of the action, and the supplemental petition was dismissed. The settlement was in writing, and was in full of all matters growing out of the levy and sale of the stock of goods.

By this action on the sheriff's bond, the plaintiff claims that the indemnifying bond was insufficient to indemnify her, and that the goods were of the value of $5,000, and that the sheriff and his sureties are liable in damages, because the sheriff negligently and wrongfully took a bond grossly insufficient in amount to secure the plaintiff. It is further averred in the petition that the sheriff did not exercise proper diligence and care in the preservation and lawful disposal of the property levied upon; that he wrongfully sacrificed a large amount of said property; that he levied upon more than fifty per cent in value of property over and above the execution in his hands; that such excessive levy constituted oppression in office.

The defendant answered the petition at great length. It is unnecessary to set out the averments of the answer. It is alleged, in substance, therein, that the plaintiff has no cause of action upon the official bond of the sheriff, because she elected to bring her action upon the indemnifying bond against Schweitzer, Beer & Co., and, having recovered

thereon, and afterwards made a full settlement with Schweitzer, Beer & Co., and discharged them from all liability to her by reason of the levy upon the goods and the sale thereof, said discharge precluded her from maintaining any other action against any other party engaged in the seizure and sale of the goods.

It appears from the evidence that the sheriff levied the execution upon the goods by the express order of the attorneys of Schweitzer, Beer & Co., and that the sale thereof was made upon that execution by direction of said attorneys. The plaintiff being the owner of the goods, the levy and sale were a trespass, for which all persons engaged therein were jointly liable, and Schweitzer, Beer & Co. were not only parties to the original seizure, but, by giving the indemnifying bond, they authorized the sheriff to continue the wrong by holding and selling the goods. It is a familiar rule of the law that an accord and satisfaction by one of several wrong-doers is a satisfaction as to all. *Turner v. Hitchcock*, 20 Iowa, 310; *Metz v. Soule*, 40 Id., 236. Counsel for the plaintiff does not question this rule, but insists that Schweitzer, Beer & Co. were not parties to the wrongful selling of more goods than were necessary to satisfy their execution, and were not liable in damages for the wrongful application of part of the proceeds to the satisfaction of other executions received by the sheriff after the levy. But the plaintiff does not seek by her petition to recover on account of the wrongful application of the proceeds of the sale in discharge of the other executions. The action is founded on the wrongful levy of the execution of Schweitzer, Beer & Co. only. Besides, the indemnifying bond recites that the execution was levied upon " all the stock in trade " of Garretson; and Schweitzer, Beer & Co. bound themselves for all damages to any claimant of the property in consequence of the " seizure and sale thereof." They, therefore, were parties to the alleged wrongful seizure and sale of all the goods, no matter to what purpose the proceeds of the sale were applied.

The plaintiff was not bound to bring an action upon the indemnifying bond. She might have brought an action for replevin, or, possibly, an action for damages for the trespass; but, whatever proceeding she might have seen fit to adopt, the ground of her action was the wrongful seizure and sale of her goods; and, having recovered from part of the joint wrong-doers, and discharged them, the payment and discharge operate as a release of the others.               AFFIRMED.