Daniels, J.
This action was commenced in the year 1880, to recover the value of property alleged to have been taken and converted by the defendant, as sheriff of the county of New York. His defense to the action chiefly consisted of the facts alleged, that the property belonged to Wellington A. Carter, the husband of the plaintiff, and was seized by him, under different warrants of attachment issued against Carter. The action has been twice tried, and the judgments reversed and other trials directed, and it was on the day calendar ready to be tried, when the motion resulting in the order dividing the action and making De Kay the defendant to one branch of it was made. This motion was made upon a petition and order to show cause, dated the first of April, 1887, and this great intervening delay in making the motion was of itself sufficient to require the court to deny the application, resting as it did in the exercise of a sound discretion.
Besides, there seems to have been no intelligent state of facts upon which the action could be so divided as to indicate, with reasonable certainty, the property seized under the process for which the petitioner became a party to the bond of indemnity delivered to the sheriff. “ The seizures *878 were successively made under the different attachments received by that officer. But what particular portion of the property was taken under one attachment, or what was taken under either of the others, the proceedings in the action and in support of the application, fail satisfactorily to disclose. Jt is quite probable that the sheriff seized all, or the greater part of the same property, under each one of the attachments, rendering it impracticable to determine with any degree of precision what was represented by either one of the attachments. And in that state of manifest uncertainty, it would be an injudicious application of the sections of the Code, under which the motion was made, to direct a division of the action, allowing a portion of it only to proceed against the petitioner as defendant substituted in place of the sheriff. The proceedings for this purpose are regulated by sections 1421-1427 of the Code of Civil Procedure. And that they were not intended to justify such a. division of the action as was provided for by this order, was considered in Hayes v. Davidson (34 Hun, 243). It would subject the plaintiff in the assertion of her rights to> too great a state of peril and uncertainty to make such a division.
These provisions have not been received with any degree-of special favor by the court of last resort. Hein v. Davidson, 96 N. Y., 175.
But, notwithstanding that fact, they were re-enacted and extended by the legislature, by chapters 182 and 452 of the Laws of 1887. And, as they have been enacted and amended, will be required to be carried into effect by the courts. But they will not be required to be so far enlarged and extended as to include a case of this description, to which they cannot be applied without the danger of subjecting the plaintiff in the action to very great injustice. To divide her action in the manner directed by the order would be to subject her to a greater state of confusion and uncertainty in the determination of it than the law has either provided for or contemplated. The suit was properly brought against the sheriff.
It included all his acts, without the necessity imposed upon the plaintiff of making any sub-division or apportionment of them to each one of the attachments. Her action in this respect is greatly simplified by bringing and maintaining it so far as she may be able to do that against the sheriff himself. And she should not be deprived of her right so to prosecute the action without its being made clearly to appear that the division directed would not imperil her remedy. The order from which the first appeal has been taken should .accordingly be reversed and the motion denied.
*879 There seems to have been no reasonable grounds upon which the application for the re-argument of the motion was made. The facts stated in the additional affidavit presented for that purpose could readily with diligence, have been made a part of the original hearing. It was not so made, owing to the incompleteness of the statement contained in the affidavits used to oppose the motion. The motion for the re-argument was, therefore, properly denied, and that order should be affirmed. So likewise should the order made on the denial of the application for a re-settle-met of the first order. In this respect the practice on behalf of the plaintiff cannot be sustained. The order directing the division of the action and the substitution of DeKay as defendant in place of the sheriff should be reversed, with ten dollars costs, and also the disbursements and the motion ■denied, while the order denying the motion for a re-argument should be affirmed, upon like terms, and the order denying the application for a re-settlement of the first order should also be affirmed, on the same terms as to disbursements.
Van Brunt, Oh. J., and Brady, J., concur.