### McBride v. Tappen.

*(Supreme Court, General Term, Third Department.  May 26, 1890.)*

SHERIFFS AND CONSTABLES—ACTIONS—SUBSTITUTION OF INDEMNITORS.

Where a sheriff, in an action against him for an unlawful seizure of property, and also for an excessive levy, obtains an order substituting his indemnitors, the execution creditors, as defendants, and requiring them to give a further bond conditioned to pay any judgment plaintiff may obtain in the action, and the reversal of such order is opposed by the indemnitors, they can not be heard to claim that they are not liable for the excessive levy, because not covered by their original bond.

Appeal from special term, Rensselaer county.

Action by James McBride against Shepard Tappen, sheriff of Rensselaer county, for the levy and sale of plaintiff's property upon execution issued against him.  Defendant moved for the substitution of his indemnitors, Peter and Abraham Van Vechten, as defendants.  From an order granting the motion plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*I. C. Ormsby,* for appellant.  *Orin Gambell,* for respondent.

LEARNED, P. J.  It was held in *Hein* v. *Davidson,* 96 N. Y. 175, that where, under an attachment against one Rice, the sheriff had levied on property which the plaintiff Hein claimed to belong to him, the indemnitors of the sheriff might be substituted for the sheriff in the action brought against him, and he might be discharged.  It was held that the act permitting this was constitutional.  The effect of this decision seems to be that one who commits a trespass on property may be permitted by the legislature to escape all liability for his act on substituting some responsible defendant.  We are, of course, bound by the decision, though we cannot agree with the reasoning.

The present case presents another question still.  The plaintiff sues the defendant, not only for taking the plaintiff's property under an execution against other persons, but also for making a levy on the plaintiff's property which was grossly excessive, and for illegally and wrongfully selling plaintiff's property to an amount more than sufficient to satisfy said execution.  The learned justice before whom the motion was made said that, if the substitution of the indemnitors rested in the discretion of the court, he should refuse it.  But he thought that section 1421 was now mandatory.  The plaintiff urges on this appeal that the right of substitution under this section can only apply to a case in which the indemnitors would be liable on their original bond, if the action should have proceeded against the sheriff, and a recovery should have been had against him.  He further urges that, for abuse of the process, by excessive levy and the like, the indemnitors would not be liable, and therefore should not be substituted in such a case; and that it would be contrary to principle to hold the indemnitors liable for abuse of process by the sheriff in making an excessive levy and the like; and that hence, if they were substituted, the plaintiff could not recover against him for such abuse of process.  It is not necessary to decide how this would be in case the indemnitors objected to the substitution.  In the present case, the indemnitors are willing and desirous to be substituted; they did not appeal from the order; and they opposed the reversal of it.  Furthermore, the order required them to give a further bond conditioned to pay any judgment the plaintiff may obtain in the action.  It seems to us, therefore, that on this bond, and on the affirmative action of the indemnitors in favor of the substitution, it will not lie with them to say that they are not liable for every cause of action set up in the complaint.  The order should be affirmed, with $10 costs and printing disbursements.