ELIZA E. BRADLEY, Appellant, v. THOMAS MILLER, Sheriff, and JOHN WALLACE.

**Notice to Release Attachment.** Under McClain's Code, section 4195, providing that an officer shall be protected from liability for a levy on property belonging to a third person, unless such person gives notice that the property belongs to him, stating the nature of his interest, how it was acquired, and for what consideration, a notice to the sheriff given by the claimant of property taken under attachment, which fails to state the source of claimant's interest, or the consideration paid therefor, is insufficient to charge the officer.

**NONE NEEDED TO HOLD ATTACHING PLAINTIFF.** But, where such unlawful levy was made under the direction and authority of the attaching plaintiff, notice is not necessary in order to render such plaintiff liable to the claimant of damages in a *suit for conversion.* What the rule would be in replevin is left undecided.

**Action Against Sheriff and Attaching Plaintiff: JOINT DEMURRER.** When an action is brought against the sheriff for levying an attachment upon the property of a third person and jointly against the plaintiff for directing the levy, a demurrer interposed by the defendants jointly, on the ground that no sufficient notice to release was given, should be overruled, for no notice at all is required to recover of the attaching plaintiff.

**Appeal From Ruling on Demurrer: JUDGMENT.** An order sustaining a demurrer is appealable, even, though no final judgment is entered upon it, or rendered by the court.

*Appeal from Calhoun District Court.* — HON. Z. A. CHURCH, Judge.

THURSDAY, DECEMBER 10, 1896.

ACTION at law, for the conversion of certain property alleged to belong to plaintiff. The court sustained a demurrer to the plaintiff's petition, and plaintiff appeals.—*Reversed.*

*M. R. McCrary* and *Brown McCrary* for appellant.

*Stevenson & Lavender*, for appellees.

DEEMER, J.—The petition alleges that the plaintiff is the owner of certain personal property, which she claims the defendant sheriff, by direction of his co-defendant, wilfully, unlawfully, and maliciously, seized, under a writ of attachment, issued against one W. Bradley, and which they still retain, and have converted to their own use; that she gave notice to Miller of her ownership of the property, as by statute required, before bringing suit; but that he refused to release the same; and she asks actual and exemplary damages. To the petition is attached a copy of the notice which plaintiff claims she served upon the sheriff. This notice merely recites that plaintiff is the owner of the property levied upon; that defendants were notified before the levy that plaintiff owned the property; and that Wallace knew all about the ownership before the levy was made. To this petition defendants filed two demurrers. The first one was withdrawn by permission of the court before the second was filed, and the ruling of the court was upon the second demurrer. The grounds of this demurrer are, that the notice served upon the sheriff is not sufficient, under the statute, and for that reason defendants are not liable for converting the property. This demurrer was sustained, and the appeal involves the correctness of the ruling.

The statute having reference to the case is as follows: "An officer is bound to levy an attachment on any personal property in the possession of, or that he has reason to believe belongs to the defendant, or on which the plaintiff directs him to levy. But if, after such levy, he shall receive notice in writing under oath from some other person, his agent, or attorney,

that such property belongs to him, and stating the nature of his interest, and the facts showing how he acquired such interest, and for what consideration, such officer may release the property, unless a bond be given as provided in the next section. But such officer shall be protected from all liability by reason of such levy, until he receives such written notice." McClain's Code, section 4195. It will be observed that the notice given the sheriff in this case does not meet the requirements of the statute, in this: (1) It does not state how plaintiff acquired her interest in the property. (2) It does not give the consideration she paid. The notice is so defective that no action will lie against the sheriff for serving the writ. It is insisted, however, that the defendant, Wallace, is responsible for his trespass and subsequent conversion of the property, no matter whether notice was given or not. A determination of this question necessitates careful examination of the petition, which we may observe is somewhat peculiar. It charges that the defendant, Miller, at the instance and by direction and order of defendant, Wallace, wilfully and maliciously seized the plaintiff's property, about November 24, 1894, and has since retained and converted the same to his own use, well knowing that the property belonged to the plaintiff. This action was apparently brought as at common law for the conversion of the property, and, but for the statute we have quoted, there is no doubt but that it would lie against both defendants.

It is elementary doctrine that the levy of an attachment upon the property of a stranger to the writ is a trespass on the rights of the owner, who may maintain either trover, trespass, or replevin, not only against the officer serving the writ, but also against the plaintiff in the suit, if it appears that the plaintiff either directed the act, or afterwards ratified it. And,

if trover be brought, no demand on, or notice to the officer need be proved, in the absence of a statute requiring it. Drake, Attachm. section 196; Shinn, Attachm. section 362. The statute suspends the right of action against the officer until the notice therein provided for has been given. It does not undertake to give the attaching plaintiff protection, nor is the giving of notice a condition precedent to a right of action against him. His liability stands as it was at common law, and if he direct the seizure of a stranger's property under a writ of attachment, and afterwards convert the property to his own use, he is liable. The notice is for the protection of the officer, who is bound to levy upon any property which the plaintiff directs him to seize, and the primary object of the statute is to compel the officer to make the levy, and protect him from liability for so doing. *Cheadle v. Guittar*, 68 Iowa, 680 (28 N. W. Rep. 14). The plaintiff in attachment acts at his peril, and there is no statute relieving him from his common law liability. The question presented does not seem to have been considered in any prior case in this court. It was indirectly involved in the case of *Peterson v. Foli*, 67 Iowa, 402 (25 N. W. Rep. 677). We there held that the plaintiff in an attachment suit was liable in conversion for the seizure and sale of the property of a stranger, and the statement of the case indicates that no notice was given the sheriff of the plaintiff's ownership. It must be borne in mind that this is an action for conversion, and not an attempt to recover the specific property levied upon. What the rule should be if it were an action of replevin, we will not attempt to decide. The cases of *Atwood v. Brown*, 72 Iowa, 723 (32 N. W. Rep. 108), and *Craig v. Fowler*, 59 Iowa, 200 (13 N. W. Rep. 116), lend some support to our conclusions. The demurrer was a joint one, and should have been overruled.

II.   The record does not show that any judgment was rendered in the case. The recital is that "the court sustained the demurrer, and that plaintiff then and there refused to plead further, and elected to stand on her petition, and then and there duly excepted to the ruling of the court in sustaining the said demurrer." In the case of *Cowen v. Boone*, 48 Iowa, 350, we held that such an order was appealable, although no final judgment was entered or rendered by the court. No further comment is necessary. The court erred in sustaining the defendants' joint demurrer, and its ruling is REVERSED.