H. H. McIVER, Appellant v. W. C. DAVENPORT.

REPLEVIN: *Notice to sheriff of interest in attached property—sufficiency.* In replevin against a sheriff to recover attached property, a notice of ownership, not stating the consideration on which plaintiff acquired his interest in the property, as required by Code, section 3906, which notice is expressly required by Code, section 3991, to render the sheriff liable, is properly excluded from the evidence.

*Appeal from Woodbury District Court.*—HON. WILLIAM HUTCHINSON, Judge.

TUESDAY, JANUARY 23, 1900.

ACTION in replevin. The property in controversy was levied on and held by the defendant, as sheriff, in virtue of several writs of attachment issued in suits against Paul T. Wilkes and the plaintiff. The latter based his claim to possession on a certain chattel mortgage executed to him by Wilkes, purporting to secure the payment of five hundred dollars. Because of the insfficiency of the notice of ownership served on the defendant, verdict was directed for him, and the plaintiff appeals.—*Affirmed.*

*A. D. Collier* and *W. A. Wilkes* for appellant.

*Mat M. Gray, F. E. Gill,* and *F. A. McMaster* for appellee.

LADD, J.—The sworn notice of ownersip served on the defendant as sheriff making the levy of the various writs of attachment omitted to state any consideration whatever for the chattel mortgage under which the plaintiff claimed. This was expressly required by section 3991 of the Code in order to render the officer liable. See Code, section 3906; *Crawford v. Nolan,* 70 Iowa, 100; *Linden v. Green,* 81 Iowa, 366. Because of such defect the notice was properly excluded from the evidence, and the verdict rightly directed for the defendant.—AFFIRMED.

GRANGER, C. J., not sitting.