J. M. GRAY, Trustee, Appellant, v. CHAS. D. CARROLL,
Treasurer Linn County, and J. G. CROZER, Marshal,
and A. L. CUNNINGHAM, Deputy Marshal of the City
of Cedar Rapids.

Executions: NOTICE OF OWNERSHIP: SUFFICIENCY: OBJECTION TO NO-
TICE. Notice of ownership given by a claimant of property levied
upon under execution, which does not state the consideration
paid for the property, is insufficient to render the officer liable
for his acts. And the objection that the notice is insufficient
to charge the officer may be raised by demurrer.

*Appeal from Linn District Court.*—HON. MILO P. SMITH,
Judge.

THURSDAY, MAY 6, 1909.

REHEARING DENIED THURSDAY, SEPTEMBER 30, 1909.

PLAINTIFF, as assignee of W. M. Welch, instituted this
action in equity to restrain the defendants as officers from
selling, or attempting to sell or incumber, seventy-six certifi-
cates of sale of parcels of real estate bid in at tax sale in
Linn County for said Welch by one George W. Wilson.
Plaintiff also asked that said officers be ordered to return
said certificates to plaintiff upon payment to the county
treasurer of the aggregate amount of the bids made by said
Wilson for the property. Separate demurrers, filed by
defendant Carroll and defendants Crozer and Cunningham,
to plaintiff's amended petition were sustained; and, on re-
fusal of plaintiff to plead further, judgment was entered
against him for costs, from which he appeals.—*Affirmed.*

*George W. Wilson,* for appellant.

*John A. Reed* and *Chas. J. Haas,* for appellees.

McCLAIN, J.—It appears from the averments of the petition and recitals, in various exhibits attached thereto, that Geo. W. Wilson, acting apparently in his own right, was the successful bidder at tax sale for a large number of parcels of real estate; that immediately after the sale was held, the county treasurer (defendant Carroll) was notified that said Wilson had acted in making said purchases only as the agent of W. M. Welch; and that as soon as said Welch received notice of the total amount of the bids, he tendered said amount of money to the treasurer for the certificates, but was refused seventy-six of such certificates, representing in total, bids to the amount of $385.59, on the ground that said certificates had been levied upon by defendants Crozer as marshal and Cunningham as deputy marshal under an execution against said Wilson, and were no longer in the possession, or under the control, of said treasurer. As no wrongful act on the part of Carroll as treasurer is alleged, and no relief is asked as against him, his separate demurrer to the petition was properly sustained. Indeed, counsel for appellant does not contend in argument that there was any error so far as the judgment is in favor of said treasurer.

As to defendants Crozer and Cunningham as marshal and deputy marshal, respectively, charged with refusing to surrender to Welch the certificates levied upon by them as the property of Wilson, the proceedings were somewhat complicated. A default decree was secured against them for failure to appear, in which they were enjoined and restrained from selling, or attempting to sell or incumber, said certificates, and they were ordered to deliver said certificates to the clerk of the district court, upon payment to him of the amount of the bids therefor, in the aggregate sum of $385.59. Subsequently said defendants filed a motion to set aside the default and decree on the ground that

said defendants had, prior to the entry thereof, appeared in the action by filing a motion for a more specific statement, which motion seems to have been filed on the same day on which the default and decree were entered. This motion to set aside was sustained on January 14th, and on January 16th a motion was filed for plaintiff to set aside the order vacating the default and decree, and to reinstate the same on the ground that the court was misled in making said order as to the fact that an appearance had been made by defendants by filing their motion prior to the entry of the default and decree. There was no showing, in support of the allegation in this motion, that the court had been misled as to the facts, or that they were otherwise than as recited in the application to set aside the default and decree, and in the showing made in support thereof. We must presume that the court correctly found as a fact that there had been an appearance for defendants by the filing of a motion at the time the default and decree were entered, and that such default and decree were therefore properly set aside as inadvertently entered.

The sole question for determination, therefore, is as to whether the court properly sustained the demurrer of defendants Crozer and Cunningham to plaintiff's petition as amended, the amendment consisting in the setting out by plaintiff of a notice by Welch to said defendants, reciting that he was the owner of the tax certificates held by said officers in pursuance of a levy thereon under execution against said Wilson. By Code, section 3991, it is provided that an officer, levying upon property under execution as the property of the execution debtor, shall be protected from all liability by reason of such levy until he receives written notice, under oath, from some other person that such property belongs to him, which notice must state the nature of his interest therein, how and from whom acquired, and the consideration paid therefor. The notice given by Welch to defendants does not recite that any con-

sideration had been paid by Welch for said certificates. It was therefore insufficient. *McIver v. Davenport,* 110 Iowa, 740; *Bradley v. Miller,* 100 Iowa, 169. The objection that the notice is insufficient to entitle the plaintiff to relief as against the officer may properly be raised by demurrer. *Linden v. Green,* 81 Iowa, 365. The demurrer was properly sustained. Appellees' motion, submitted with the case, to strike appellant's argument is overruled.

The judgment is *affirmed.*