## CANTOR v. GRANT.

*(Supreme Court, Special Term, New York County. October, 1889.)*

SHERIFFS AND CONSTABLES—ACTION FOR WRONGFUL LEVY—INDEMNITORS.

> Under Code Civil Proc. N. Y. § 1421, as amended by Laws N. Y. 1887, c. 182, providing that, in an action against an officer to recover chattels levied on under one or more executions, or to recover damages for their detention, if a bond or bonds have been given to indemnify the officer against the levy or levies, the person or persons who gave it may apply to the court to be substituted as defendants in place of the officer, it is not within the discretion of the court to refuse the application of the officer to substitute his indemnitors in the action.

At chambers. Action by Herman Cantor against Hugh J. Grant, sheriff of the city and county of New York, for the wrongful levy of executions on property of the estate of one Isaac Sickle, which had theretofore been assigned to plaintiff for the benefit of said Sickle's creditors. Defendant, having taken an indemnifying bond from the attaching creditors before making the levy, now moves to substitute the obligors in said bond as defendants in his stead. Code Civil Proc. N. Y. § 1421, as amended by Laws 1887, c. 182, reads as follows: "Where an action to recover a chattel or chattels hereafter levied upon by virtue of an execution or several executions, or a warrant of attachment or several warrants of attachment, or to recover damages by reason of a levy or levies upon, detention, sale, or sales of, personal property, hereafter made, by virtue of an execution or several executions, or a warrant of attachment or several warrants of attachment, is brought against an officer, or against a person who acted by his command or in his aid, if a bond or bonds, or written undertaking or undertakings, indemnifying the officer against the levy or levies, or other act or acts, was given in behalf of the judgment creditor or the several judgment creditors, or the plaintiff in the warrant or the plaintiffs in the several warrants, before the action was commenced, the persons or person, or the several persons, who gave it to them, or the survivors,

if one or more are dead, may apply to the court for an order to substitute the applicant or several applicants as defendants in the action in place of the officer, or of the person so acting by his command or in his aid."

*Blumenstiel & Hirsch*, for plaintiff.  *Cockran & Clark*, for defendant. *Moses R. Crow*, for attaching creditors.

INGRAHAM, J.  The provisions of section 1421 of the Code, as amended in 1887, apply to this case, and required the court to grant the order substituting the indemnitors as defendants in the action in place of the defendant. The section provides for the case of one or more levies, one or more judgment creditors, and one or more bonds of indemnity, and I am inclined to think, by the modification of the section in 1887, it was the intention of the legislature to take away the discretion vested in the court by the provision of the Code in force prior to the amendment.  No other construction of the section can give effect to the language used.  Applying the decision of the court of appeals in *Hein* v. *Davidson*, 96 N. Y. 175, I do not see how this section can be said to be unconstitutional.  By section 1423 of the Code, the court is authorized, in its discretion, to require the indemnitors to furnish additional security to the plaintiff; and I think, in this case, the indemnitors should execute and file a bond to the plaintiff conditioned for the payment of any judgment that the plaintiff may obtain in this action, the penalty of the bond to be the amount claimed by the plaintiff in the complaint.  It does not appear, however, that any levies were actually made under any of the executions, except the execution of the creditors, who realized some portion of the proceeds of the property levied upon; and the only persons who should be made defendants to this action are the five judgment creditors and their indemnitors, to whom the proceeds of the property levied upon were subsequently paid.  The motion will therefore be granted, and the five judgment creditors who received the proceeds of the property, and their indemnitors, be made defendants in this action in the place of the sheriff, and such indemnitors be required to give a bond as before specified.  Order to be settled on notice.