Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*J. Sabine Smith,* for appellant. *George Bliss,* for respondents.

BRADY, J. The question presented by this appeal is whether a lessee removed from the demise as a tenant holding over, without the permission of the landlord, after a default in the payment of the rent due, pursuant to the agreement under which the demised premises are held, and a demand thereof, and who also holds over, under like circumstances, after a default in the payment, for 60 days from the time the same shall be payable, of any taxes or assessments which the tenant has agreed to pay, can avail himself of the provisions of section 2256 of the Code, which allows the tenant, at any time within 1 year after the execution of the warrant, when the unexpired term of the lease exceeds 5 years, to pay or tender the landlord all rent in arrear at the time of the payment or tender, with interest, and the costs and charges incurred by the landlord, and thus restore to himself the possession of the premises and the advantage of his lease. The learned justice in the court below has considered this subject fully, and has expressed his views in an elaborate opinion, which embraces and satisfactorily disposes of the whole controversy in that regard; and, although additional views might be indulged, it is deemed unnecessary to employ them, but to leave the affirmance of the judgment upon the opinion which he has delivered. The judgment should be affirmed, with costs. All concur.

---

CANTOR *v.* CLAFLIN *et al.*

*(Supreme Court, General Term, First Department. December 29, 1890.)*

SALE—FRAUD—STATEMENTS TO COMMERCIAL AGENCY.

In an action involving the right of sellers of goods to recover possession of them, on the ground that they had been obtained by fraudulent representations of the purchaser, the court was requested to[9] instruct the jury that, if the purchaser made a knowingly false statement to a certain commercial agency, purchases of goods made thereafter on the strength of the statements of the agency could be avoided by the creditors; and that the making of knowingly false statements to a commercial agency, with the intention to secure credit in the market, is a fraud on the part of the person, sufficient, in itself, to warrant the jury in finding subsequent purchases made on the strength of those statements fraudulent. *Held,* that these were too broad: the first not being confined to any statement in evidence, and the second not confined to statements of this purchaser, and not qualified as to their nature or materiality.

Appeal from circuit court, New York county.

Action by Herman Cantor, as assignee of Isaac Sickle, against Ferdinand Levy, coroner, and John Claflin and others. Defendants Claflin and others appeal from a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*S. F. Kneeland,* for appellants. *Blumenstiel & Hirsch,* for respondent.

BRADY, J. It appears that on the 16th of November, 1887, one Isaac Sickle made a general assignment without preferences to the plaintiff, under which he came into possession of a stock of merchandise and other assets belonging

to the assignor, including the property involved in this action. On the day following, the sheriff of this county, by virtue of process duly issued, took the property in controversy from the assignee, and a few days after the firm of H. B. Claflin & Co. brought an action of claim and delivery against the sheriff, asserting title to the merchandise in dispute upon the ground that it had been obtained from them by Sickle fraudulently. *Cantor* v. *Grant*, 10 N. Y. Supp. 223. In that suit the assignee was not made a party; the sheriff alone was the defendant. Thereupon the assignee, under the provisions of section 1709 of the Code, sought to obtain a return of the property, which being refused, he brought this action against the coroner and H. B. Claflin & Co., who had indemnified the former, for the value of the merchandise taken by them. Upon the trial the defendants sought to establish the charge of fraud already suggested, and made some proof on that subject, which, had it not been successfully answered, might have resulted in the establishment of the charge; but Sickle, the assignor, was examined in his own behalf, and sought to explain or qualify or disprove the various facts and circumstances bearing upon the averment of fraud against him; and the issue which that charge created was submitted to the jury upon the evidence thus given and received, and with proper and unassailable rules of law by which they were to be governed in the consideration of the facts and circumstances established in the effort to prove the fraudulent conduct, and of the response made to it. The jury found in favor of the plaintiff. The learned counsel for the appellant complains of the judgment for several reasons, his theories all resting, however, upon the charge of fraudulent design, fraudulent intent, fraudulent representation, and fraudulent conduct, which, as we have seen, was not sustained by the verdict of the jury. The learned judge presiding submitted the case to the jury with great clearness and with great fairness, and, if any criticism can be justly indulged in upon his charge, it must be that it was more favorable to the defendants than they could demand. After having stated in a general way the facts and circumstances distinguishing the defendants' case, and of those in response, upon which the plaintiff insisted that the transactions of Sickle complained of were fair, just, and honorable, and without fraudulent intent, the learned judge said: "If you believe that Mr. Sickle's proceedings in regard to this matter were upright and honest, fair and honorable, the plaintiff would be entitled to your verdict. If, on the contrary, you conclude from the proofs that these purchases were made with a fraudulent intent existing at the time,—an intent not to pay for them,—then Mr. Sickle by those purchases acquired •no title to the goods, and his assignee, under the general assignment, acquired no title, and Claflin & Co. were justified in reclaiming their property through means of legal proceedings, and under those circumstances the defendants would be entitled to your verdict." The learned justice was asked to charge the jury, and so charged, that if they should find that Mr. Sickle, at the time of making these purchases, knew that he was absolutely insolvent, and could not pay in full for the goods purchased from H. B. Claflin & Co., then the withholding of the fact of that insolvency from H. B. Claflin & Co. was such a fraud as to warrant the maintaining of this defense; and also to charge them that, if they should believe that Sickle knowingly made false and fraudulent statements to the commercial agency, that fact is a fraud, which they must take into consideration in their finding in this case; to which the court replied, "substantially, that that is a fact which the jury must take into consideration upon the subject of fraud." To this no exception was taken. The defendant's counsel also asked the court to charge, and the court did charge, that if Mr. Sickle, at the time of the purchase of these goods, so purchased them with the intent to defraud the creditors, H. B. Claflin & Co., out of a portion of the money, that intent being founded on the fact that he had not goods enough to pay his honest debts, then that was a fraud, and they must award a verdict for the defendants.

These requests thus granted presented all the elements which, under any circumstances, properly grew out of the evidence, and the facts and circumstances which it established, regarded as true, but they do not seem to have been entirely satisfactory, for the reason that the defendant's counsel, having asked the court to charge the three following requests: "(1) That if at the time of the purchase in October, 1887, Mr. Sickle knew that he was so insolvent that he could not pay all his liabilities, including the purchases in question, then, without regard to previous statements made by him, the purchase was a fraund upon the rights of H. B. Claflin & Co. (2) That in case they find that Sickle made a statement to Bradstreet's Agency prior to this purchase that was knowingly false, then the purchase of all goods made thereafter, on the strength of the statements of the agency, can be avoided by the creditors on the ground of fraud. (3) That the making of knowingly false statements to a commercial agency, with the intention thereby to secure credit in the market, is a fraud on the part of the person sufficient in itself to warrant the jury in finding subsequent purchases made on the strength of those statements fraudulent,"—which were denied, and exception taken to each, insists here that he was entitled to them. The first of these has no support upon the authorities. *Morris* v. *Talcott*, 96 N. Y. 100. The second is subject to the criticism, and justly so, particularly when examined with reference to the charge actually made, that it does not embrace the proposition that H. B. Claflin & Co. relied upom the statement believing it to be true, and altogether too general; and the same criticism applies to the third request. The question involved was what claim the defendants had arising from the alleged fraud, and not what others might or could do under the circumstances detailed. None of them, therefore, is availble to the defendants. So far as they were applicable to the facts and circumstances disclosed by the whole of the testimony, and which the jury were to consider on the question of fraud charged, the conduct of the assignor, in its varied legal aspects, his statements, his intention, and his insolvency at the time the purchase was made, and the suppression of it, were all the subject of legal formula, and the jury instructed in regard to them as fully, as elaborately, and as comprehensively for the defendants as the rules governing such transactions would allow. They have in reality nothing to complain of except the verdict, which may have been a very great disappointment to them, but which nevertheless destroyed all hope of success for them in this action. The array of facts and circumstances made against the integrity of the assignor as to the purchases complained of was impressive, and, if unexplained or not overcome, would doubtless have led to results prejudicial to the asserted title of the plaintiff as assignor; but the response made seems to have been entirely satisfactory to the jury, and they so declared by their verdict. The investigation of questions of fraud, as said in another case decided at this term, is peculiarly within the province of a jury, and, unless the verdict is palpably wrong upon the facts, it should not be disturbed. The charge of fraud is criminal in its character, and he who asserts it must sustain it by proof, either direct or circumstantial, as the case may be, and by a reasonable preponderance relating thereto. The judgment must be affirmed, with costs.

DANIELS, J., (*concurring.*) The requests to charge which were refused were too broad, and not made applicable to the point on which this action depended. By the first of them, the court was asked to charge that, if Sickle made a knowingly false statement to Bradstreet's Agency, then the purchase of all goods made thereafter on the strength of the statements of the agency can be avoided by the creditors on the ground of fraud. This request was not confined to any statement which the evidence in this case related to. But any statement knowingly false was what was mentioned. And it would not follow that a statement falsely made, without something indicating its nat-

ure, extent, or materiality, could be followed with this effect. Neither could it be held to render all purchases afterwards made, voidable on the ground of fraud, whether made from the defendants or others. The proposition was an abstraction, not sustained, and therefore properly denied. The second request, which the court denied, was still broader, not confined to statements of this purchaser, but it included all persons purchasing goods after a false statement made to a commercial agency, and that, too, without qualification as to the nature or materiality of the statement. The court could not, with any propriety, make the charge; and the exceptions to the refusals are destitute of foundation. The judgment and order should therefore be affirmed.

VAN BRUNT, P. J., concurs.